Elbert S. Jemison et al., Appellants *v.* The Citizens' Savings Bank of Jefferson, Texas, Respondent.

An order granting an open commission to examine orally unknown and unnamed witnesses involves a substantial right, and so is appealable to the General Term.

A refusal of the General Term to entertain such an appeal and pass upon its merits, on the ground that it does not involve a substantial right, is an error of law reviewable in this court.

*Jemison* v. *Citizens' Svgs. Bk.* (24 Hun, 350) reversed.

(Submitted June 14, 1881; decided June 23, 1881.)

Appeal from order of the General Term of the Supreme Court, in the first judicial department, made April 21, 1881, which dismissed, "on the ground that the order is not appealable," an appeal from an order of Special Term, granting an open commission to a commissioner in Texas to examine certain witnesses named and "such other witnesses as may be produced before him * * * upon oral questions." (Reported below, 24 Hun, 350.)

*Francis C. Barlow* for appellants. The General Term having held that it had no power to review the order, a question of law arose. Hence the order dismissing the appeal is appealable to this court. (New Code, § 190, subd. 2 ; *Hanover Ins. Co. v. Tomlinson,* 58 N. Y. 215 ; *People v. N. Y. C. R. R. Co.,* 29 id. 418 ; *Tilton v. Beecher,* 59 id. 176 ; *Matter of Duff,* 10 Abb. [N. S.] 416 ; *Matter of Townsend,* 81 N. Y. 644 ; *Fisher v. Gould,* id. 228.) The fact that an order is "discretionary" does not prevent an appeal to the General Term, provided it affects a substantial right. (*Anonymous v. Anonymous,* 59 N. Y. 313, 315 ; *Hanover Ins. Co. v. Tomlinson,* 58 id. 215 ; *Matter of Duff,* 10 Abb. [N. S.] 416, 414 ; *Security Bk. v. Nat. Com. Bk.,* 2 Hun, 277, 289, 290 ; *Martin v. Windsor Hotel,* 70 N. Y. 101, 104 ; *People v. Central R. R. Co.,* 29 id. 423.) This order affects a substantial right. (*Wiles v. Suydam,* 64 N. Y. 177 ; *Beach v. Fulton Bk.,* 2 Wend. 232, 239 ; *Buel v. Street,* 9 Johns. 447 ; *Livermore v. Bainbridge,* 56 N. Y. 73, 74 ; *In re Brady,* 69 id. 220 ; *People v. Central R. R. Co.,* 29 id. 416, 422 ; *Security Bk. v. Bk. of Com.* 2 Hun, 290 ; *Mc Vickar v. Walcott,* 4 Johns. 509, 527 ; *Marckwald v. Steamship Co.,* 8 Hun, 547 ; *Anonymous v. Anonymous,* 59 N. Y. 313, 315 ; *Rathbun v. Ingersoll,* 2 J. & S. 211 ; *Cent. Nat. Bank v. Clark,* id. 487 ; *Beach v. Fulton Bank,* 2 Wend. 225 ; *Wiggin v. Phelps,* 10 Hun, 187 ; *Macdonald v. Macdonald,* 14 id. 496.) The order under consideration involves expense : the payment of commissioners' fees and the additional and peculiar expense of sending counsel to the scene of action, or retaining them there. (*Froude v. Froude,* 1 Hun, 76.) It affects the rights of a party

to be "confronted with witnesses," to have them before the court and jury, and, by being present at their examination, to give his counsel the benefit of suggestions derived from his (the party's) knowledge of the facts. (*Forrest* v. *Forrest*, 3 Bosw. 668.) Judicial action without evidence always raises a question of law. (*Allen* v. *Meyer*, 73. N. Y. 3; *People* v. *Gas-light Co.*, 78 id. 61; *Leslie* v. *Leslie*, 6 Abb. [N. S.] 197; *Law* v. *McDonald*, 9 Hun, 26, 27.) "Gross abuse" renders even discretionary orders appealable to this court. (*De Llamosas* v. *De Llamosas*, 62 N. Y. 618; *Lawrence* v. *Farley*, 73 id. 187; *Meyer* v. *Cullen*, 54 id. 392, 397.)

*Samuel A. Blatchford and C. M. Da Costa* for respondent. The only question necessary to be considered on this appeal is the power of the General Term to review the order of the Special Term. (*Hanover F. Ins. Co.* v. *Tomlinson*, 58 N. Y. 215.) If the right to appeal to the General Term from the order in suit be not authorized by the terms of the statute, the court will not presume such a right. (*Hanover F. Ins. Co.* v. *Tomlinson*, 58 N. Y. 215; *Martin* v. *Windsor Hotel Co.*, 70 id. 101; *Security Bank* v. *Bank of Com.*, 2 Hun, 289; *Miller* v. *Sheldon*, 15 Hun, 220; *Lacustrine F. Ins. Co.* v. *Lake Guano Co.*, 16 id. 484; *Morehouse* v. *Yeager*, 38 N. Y. Supr. Ct. 50; *Matter of Duff*, 41 How. Pr. 350; *Livermore* v. *Bainbridge*, 47 How. Pr. 354; *Liney* v. *N. Y. C. Stage Co.*, 18 Abb. Pr. 435; *People* v. *N. Y. C. R. R. Co.*, 29 N. Y. 418; *Howell* v. *Mills*, 53 id. 322; *Mills* v. *Davis*, id. 349; *Platt* v. *Platt*, 66 id. 360; *Fleischman* v. *Bennett*, 12 Hun, 81; *Newell* v. *Cutler*, 19 id. 74; *Forbes* v. *Willard*, 54 Barb. 520.) The order of the Special Term appealed from does not affect a substantial right. (*Treadwell* v. *Pomeroy*, 2 N. Y. Sup. Ct. 470; *Wallace* v. *The Am. Linen Thread Co.*, 46 How. Pr. 403; *Anonymous*, 59 N. Y. 313; *Uline* v. *N. Y. C. & H. R. R. R. Co.*, 79 id. 175; *People* v. *N. Y. C. R. R. Co.*, 29 N. Y. 418, 421; *Anonymous*, 59 id. 313, 315; *Tallman* v. *Hinmann*, 10 How. Pr. 89; *Field* v. *Stewart*, 41 id. 95.)

FINCH, J. We have many times decided that an appeal from an order involving a substantial right lies to the General Term, although in some degree dependent upon the discretion of the court which grants or refuses the motion, and that the refusal of the General Term to entertain such appeal and pass upon its merits is an error of law reviewable in this court. (*Hanover Fire Ins. Co.* v. *Tomlinson,* 58 N. Y. 216.) In the present case the General Term dismissed an appeal from an order allowing an open commission for the oral examination of two named witnesses, and such unnamed witnesses as might be produced within a specified time, to issue to a commissioner in Texas. The dismissal went upon the ground that the order granting the commission did not involve a substantial right. The General Term had previously held that an order denying a commission affected a substantial right, because it tended to deprive a party of testimony necessary to his case, but an order granting a commission affected no substantial right because it merely dictated the mode of taking such testimony. (*Wallace* v. *American Linen Thread Co.,* 2 N. Y. Sup. Ct. [T. & C.] 574; *Treadwell* v. *Pomeroy,* id. 470.) Whether there be adequate foundation for this distinction may be doubted, in its application to the ordinary closed commission; but at all events the granting of an open commission to examine orally unknown and unnamed witnesses has already been said by us to involve a substantial right. (*Anonymous,* 59 N. Y. 314, 315.) Further reflection, and a careful consideration of the elaborate briefs submitted by the respective counsel serve to strengthen and confirm that conclusion. To say that the choice between the usual closed commission where the witnesses are named, and the interrogatories settled in advance, and the open commission, now specially authorized by the Code, in which the examination is oral, and unknown and unnamed witnesses may be produced to testify, at a point far away from the place of trial, involving the expense of special counsel, and making wise and prudent a long journey of parties, is merely matter of form and not matter of substance, seems to us to be going quite too far. Practically the commission granted in the pres-

ent instance changes the place of trial of the defendant's side of the case from New York to Texas. It may not be an unwise or improper thing to do—we express no opinion upon that—but we cannot fail to see that it affects a substantial right of the plaintiff. It imposes upon him new and unusual expenses, and deprives him of the right to confront the hostile witnesses, or to cause them to be cross-examined intelligently by counsel who can have the aid of the party's personal knowledge and useful advice, except at the cost of a long journey to a distant State, and an enforced delay lasting possibly through the whole ninety days of the life of the commission. We have no hesitation, therefore, in following our earlier ruling, and declaring that the order appealed from affected a substantial right. The General Term dismissed the appeal upon the ground stated in the order that it was not appealable. In this we think they erred, and that they should review the order upon the merits.

Order of the General Term reversed with costs to abide the event and case remitted to the General Term to hear and determine the appeal upon the merits.

All concur.

Order reversed.