For these reasons, no doubt, is entertained that the judgment appealed from was properly rendered, and should accordingly be affirmed.

DANIELS, J., concurs.

---

## N. Y. SUPERIOR COURT.

JOHN J. JONES and another, as executors, &c., of DAVID JONES, plaintiffs and respondents, agt. JESSIE HOYT and others, defendants and appellants.

*Commission — When open commission to take testimony without the state may issue — Granting of, matter of discretion — Appeal lies from order — Code of Civil Procedure, section 894.*

The granting of an open commission to take testimony without this state, under section 894 of the Code of Civil Procedure, is matter of discretion, the exercise of which, though it may be the subject of an appeal, ought not to be disturbed unless it is quite clear to the appellate court that the discretion was unwisely exercised.

Where the action charged fraud and the witnesses sought to be examined were stated to be unwilling witnesses from long continued business relations with defendants' firm, the judge at special term was justified in granting the order, though such relations had terminated and defendants denied knowledge of any facts which would render the witness reluctant.

*General Term, February*, 1882.

*Before* FREEDMAN, RUSSELL *and* ARNOUX, *JJ.*

APPEAL from an order granting an open commission to take testimony without the state.

The action was for breach of warranty and false representation upon a sale by the defendants to the plaintiff's testator of a quantity of barley, in November, 1878. The plaintiff's affidavits allege that the barley in question was

obtained by the defendants in the city of Milwaukee, Wisconsin, and the witnesses to prove its identity and quality, some of whom are named and some not, reside in that city. One of the affidavits submitted alleges that the deponent therein has visited the city of Milwaukee for the purpose of making inquiries in regard to the matter, and that the witnesses named were " unwilling witnesses for the plaintiffs, and are very reluctant to state the facts within their knowledge on the issues in this action." One reason suggested for their reluctance was long continued business relations with the defendants' firm.

The defendants allege that their firm had recently dissolved, and denied any knowledge on their part of any facts and circumstances which would render the witnesses unwilling or reluctant to testify according to the fact.

*Stephen A. Walker*, for the appellants.

*Martin J. Keogh*, for respondents.

RUSSELL, *J.*— Section 894 of the Code has made an innovation upon the former practice. It provides :

" Where an issue of fact, joined in an action, is pending in either of the courts specified in the last section, the parties may stipulate, in writing, or the court, or judge thereof, may in its or his discretion, upon the application of either party, and upon satisfactory proof, by affidavit, that one or more witnesses not within the state, are material and necessary in the prosecution or defense of the action, make an order upon such terms as it or he deems proper, directing that an open commission issue or that deposition be taken as prescribed in the following sections of this article."

This section gives a very large discretion to the judge to whom such an application is presented. While the exercise of such discretion may be the subject of an appeal, it ought not to be disturbed unless it is quite clear to the appellate

court that the discretion was unwisely exercised. We do not think that is shown in this case. The nature of the action charging fraud was such that witnesses who might be entirely willing in an ordinary action *ex contractu*, would be unwilling where their testimony might be injurious to a friend.

While it is claimed, on the part of the appellants, that the business relations of all the witnesses alluded to but one, with the defendants' firm have terminated, it may very well be that from a long business intercourse, supplemented by more or less of personal intercourse and friendship, the witnesses would not be disposed to go beyond the strict letter of their compulsory duty in giving testimony in aid of a stranger as against their friends. At any rate there was enough in the suggestion to justify the judge at special term in deciding that this was a proper case for the issuing of an open commission.

No question was made upon the argument, or could have been made, as to the materiality of the witnesses. It was simply a question whether the witnesses should be examined by the somewhat clumsy methods of a sealed commission, with its interrogatories and cross-interrogatories, or an oral examination, such as is had of witnesses who present themselves in court. That the latter is the more reliable way in which to arrive at the truth all will agree.

There is not much force in the suggestion made that an open commission will tend to transfer the trial of this action to another state. That would be as true if a sealed rather than an open commission were to issue, and the question presented to the judge was whether that trial, or so much of it as it should be necessary to have in a foreign jurisdiction, should, under the circumstances, be conducted in one or another manner, as best calculated to elicit the truth. We do not think he erred in his judgment.

The order should be affirmed, with costs and disbursements.