CHARLOTTE WAINWRIGHT, RESPONDENT, *v.* WILLIAM G. LOW AND THE SAILOR'S COFFEE–HOUSE (LIMITED),. APPELLANTS.

*Power of the court to impose as a condition to the granting of a commission that the witness, a party to the action, residing in a foreign country, be subject to an oral examination.*

The court has power to annex such conditions to an order allowing a commission to issue for the examination of a party in his own behalf, as shall require that the witness be subjected to an oral cross-examination; nor is such power limited, where the witnesses reside in a foreign country, by section 895 of the Code of Civil Procedure.

APPEAL by the defendants from so much of an order, entered in the office of the clerk of Kings county, as denied the application of the defendants to cross-examine, orally, the witnesses to be examined upon the commission to be issued on the application of the plaintiff, upon the ground that the court had not authority in this case to provide for such oral examination of witnesses to be produced.

The motion was made for a commission to take the testimony of the plaintiff and two other persons in Sheffield, England. The defendants asked leave to cross-examine said witnesses orally, which request the justice denied on the ground of a want of power, referring to section 895 of the Code of Civil Procedure and made an order directing that the commission issue in the usual form.

*Wm. G. Low*, for the appellants.

*Ten Eyck & Remington*, for the respondent.

PRATT, J. :

Commissions to examine witnesses upon interrogatories are to be granted upon "such terms as justice requires." (Code Civil Procedure, § 889.) These terms may well be, in a proper case, that the witnesses shall be subjected to an oral cross-examination. The court has, therefore, power to annex such a condition to the order allowing the commission, and where a party is to be examined in his own behalf, a proper case would seem to be presented. To hold that section 895 deprives the court of the power to annex such condition in a proper case would involve, as a consequence, that the

interests of infants, idiots and lunatics, whose rights depend upon the same section, are to be visited with an additional disability, in that the law does not grant them the protection it accords to other parties. In the present case, as witnesses are to be examined at the residence of the plaintiff, no hardship to her can be apprehended.

Order appealed from modified by allowing the witnesses to be cross-examined orally.

BARNARD, P. J., and DYKMAN, J., concurred.