Van Brunt, P. J.
The complaint in this action alleges- *65 that in April, 1885, the plaintiff and defendants duly made an agreement to form a co-partnership in respect to certain contracts; that said co-partnership business was entered upon and has ever since continued to be carried on by the plaintiff and defendants in pursuance of and under said agreement; that said co-partnership has made large profits, whereof the plaintiff is entitled to one-sixth ; that the defendants have exclusive possession of the books of said co-partnership and have not allowed the plaintiff access thereto; that the defendants have not made, and have refused to furnish to the plaintiff true statements of the receipts and expenditures of said co-partnership although requested so to do, and have refused and neglected to divide any money on hand over and above the amount required to pay the debts thereof at • the time provided in said agreement or at any time and still so neglect and refuse, wherefore the plaintiff demands judgment that the co-partnership be dissolved and that an account be taken of all the dealings and transactions of the co-partnership, and that the property be sold and the debts paid and the surplus divided between the plaintiff and the defendants according to their respective interest therein, and that in the meantime the defendants be enjoined and a receiver appointed.
The answer of defendants denies all the allegations of the plaintiff except that they have not made any statement of the receipts and disbursements, etc., and have not divided any money with the plaintiff or paid him any part thereof; and then sets up certain affirmative defenses.
The plaintiff applied for the examination of the defendant Clark, setting up the cause of action and defenses and that the testimony of the defendant Clark and an examination of the books and papers was material and necessary for use upon the trial to prove that a co-partnership was formed and continued to exist, and that the plaintiff is entitled to have the same dissolved because the defendants have done certain things, namely, that the defendants had and have exclusive possession of the books of the business and have *66 not allowed the plaintiff access thereto, and have applied to their own use large sums of money belonging to the co-partnership and misappropriated large sums of money belonging to the co-partnership.
Upon this affidavit an order for the examination of Clark was granted, and a motion was made to set the same aside which was denied, and from the order denying such motion this appeal is taken.
It appears from the papers that the agreement under which the co-partnership was claimed to have been formed was in writing, and therefore it was not necessary to examine Clark upon that point. The facts relating to the agreement of co-partnership were as well known to the plaintiff, as to the defendant Clark, and the negotiations, whatever they were, having culminated in the agreement, thak necessarily established the relations of the parties, and it cannot be altered by parol. It is true that it is alleged that the defendant Clark "is in possession of one copy of the 'original paper by which the plaintiff alleges the co-partnership was formed, but it is not alleged so far as we have been able to find that the plaintiff has not the other. It was therefore entirely unnecessary that the defendant should be examined in order to prove the paper by which the plaintiff alleges the co-partnership was formed.
It appears from the pleadings that if the existence of the partnership under the alleged agreement is established, then the terms and conditions thereof have been broken, and the plaintiff would be entitled as a matter of right to an accounting which would not be taken by the court, but by a referee, and the plaintiff would have ample opportunity, before such referee, to examine the defendants as to the application of money belonging to the partnership to their own use. The court would not under any circumstances take the account between the parties, and all that could be tried in the first instance was as to whether the plaintiff was entitled to an account, and if the plaintiff establishes that fact by proving the co partnership, then as the defendants state that they *67 have not made any statement to him of the receipts and -expenditures as required by the alleged co-partnership agreement, the plaintiff would be entitled toa decree in his favor for an accounting and a dissolution of the partnership.
It therefore appears upon the very face of the papers that an examination of the defendant is not necessary for the establishment of the plaintiff’s case in the first instance, and cannot in any way aid him in respect thereto, because the facts in reference to the establishment of the co-partnership are as well known to the plaintiff as they are to the defendants, and under such circumstances an examination of the defendant before trial is not a proper exercise of the discretion of the court (Jenkins v. Putnam, 106 N. Y. 272, 275).
For these reasons we are of opinion that no necessity whatever for examining the defendant before trial is set out in the papers in question and the order should have been vacated.
The order appealed from is therefore reversed with $10 costs and disbursements, and the order for the examination •of the defendant before trial vacated.
Macomber and Bartlett, JJ., concurred.
II. Appeal from an order granting leave to issue a commission to examine the plaintiff who is absent from the 'State.
In the same case tlie plaintiff, who, it appeared, was absent from the State to evade arrest under indictments found against him here, obtained an order granting leave to issue a commission to examine himself for use upon the trial.
From the granting of that order the defendants appealed to the general term.
Leslie N. Russell (E. T. Lovatt, attorney), for the appellants, cited McMonagle v. Conkey, 14 Hun, 326; Ring *68 v. Mott, 2 Sandf. 683; Vandervoort v. Columbian Ins. Co.r 3 Johns. Cas. 137 ; Rogers v. Rogers, 7 Wend. 514; Wainwright v. Low, 49 Hun, 283.
George Bliss, for the respondent. -
Van Brunt, P. J.
It is apparent that the plaintiff in this action is absent from the State because of the indictments which are pending against him and is brought directly within the rule laid down in the case of McMonagle v. Conkey (14 Hun, 326), in which case it was held that where a plaintiff had fled to Canada to avoid criminal arrest, under the circumstances such plaintiff should not-have a commission to examine himself; and where the plaintiff is a fugitive from justice, having gone to Canada to escape trial on an indictment found against him in this-State, and is therefore unwilling to submit to the authority of this court and refuses to come into this State to give testimony, that in the exercise of a sound discretion, the commission should not be granted.
In this view we concur. It is not the case of a plaintiff' who cannot come to testify, but it is that of a plaintiff who refuses to come to testify, and by his absence is refusing to-submit to the authority of our courts. Such a plaintiff,, being a resident of the State, certainly cannot call upon the-facilities of the court to enable him to continue to evade its-authority.
The order should be reversed, with $10 costs and disbursements.,
Macomber and Bartlett, J.L, concurred.