### LENTILHON et al. v. BACON.

*(Supreme Court, General Term, First Department. October 20, 1892.)*

DEPOSITION—OPEN COMMISSION—WHEN GRANTED.
    An open commission to examine witnesses in another state will not be granted on plaintiff's motion without the strongest and most convincing reasons.

Appeal from special term, New York county.

Action by Joseph Lentilhon and others against Williamson Bacon to recover a certain sum of money. A motion by plaintiffs for an open commission to examine witnesses in the state of Missouri was granted, and defendant appeals. Reversed.

The affidavit in support of the motion is as follows:

"Joseph Lentilhon, being duly sworn, deposes and says (1) that he is one of the plaintiffs in the above-entitled action, and that all the parties thereto are of full age and competent. (2) That issues of fact have been joined herein by the service on the 24th day of February, 1892, of the defendant's answer to the complaint herein. That the said cause has been placed upon the general calendar of this court, and is numbered 3,939, and that the next circuit of this court is appointed to be held on the first Monday of October next. (3) That the action was brought to recover the sum of $16,230.52 and interest alleged to be due from the defendant to the plaintiffs, and which (or any part whereof) said defendant promised and agreed to pay to the plaintiffs when it was in his power so to do. That deponent is informed and believes that the said defendant has it in his power to pay said sum so due as afore-

said, but that he refuses to pay the same, or any part thereof, although payment thereof has been demanded. (4) That the issues of fact are substantially as follows: *First.* Whether or not the above-named defendant has it in his power to pay the said sum of $16,230.52 and interest, or any part thereof. *Second.* Whether the said action is barred by the statute of limitation. (5) That deponent has fully and fairly stated the case in this action to James G. Janeway, Esq., his counsel, who resides at No. 131 East Nineteenth street, in the city of New York, and has fully and fairly disclosed to him the facts which he expects to prove to substantiate the affirmative of the first and the negative of the second of the foregoing issues, and that he cannot safely proceed to the trial of the action without first obtaining due proof thereof by the examination of persons who are or have been residents of the states of Missouri and Kentucky, as he is advised by his said counsel after such statement, and verily believes. (6) That, in order to enable deponent to sustain the affirmative of the first of the said issues herein mentioned in the fourth paragraph of this affidavit, it will be necessary for deponent to show the financial condition and ability of the defendant and the nature and extent of the property of which he is possessed; and, to sustain the negatives of the second of said issues, to show how long the defendant has been possessed of such property, and how long it has been in the power of the defendant to pay the claim of the plaintiffs herein, or some part thereof, and when the cause of action herein accrued by reason of the ability of the defendant so to do, and the residence and absence of said defendant without the state of New York. That the defendant lives, and for a considerable time has lived, in or near the city of St. Louis, in the state of Missouri, and been engaged there in the prosecution of business and acquisition of property. (7) That deponent expects to be able to prove by the following witnesses the nature and extent of the property of the defendant, and when and how the same was acquired, and also the facts relating to the residence of the said defendant, to wit: The said defendant Williamson Bacon; Moses Greenwood, Jr., a real-estate agent employed for some years last past by the defendant; and William J. Burton, a bookkeeper of the Tyler estate, in which said defendant is interested, and of which he is manager, as deponent is informed and believes; Samuel Hoffman and James B. True, respectively president and cashier of the Laclede National Bank of St. Louis, of which said defendant is a director, and in which he owns or holds stock, as deponent is informed and believes; Julius Walsh and Breckinridge Jones, respectively president and secretary of the Mississippi Valley Trust Company of St. Louis, of which said defendant is a director, and in which he owns or holds stock, as deponent is informed and believes; C. C. Rainwater, John D. Perry, and John H. Overall, respectively president, treasurer, and secretary of the St. Louis Merchants' Bridge Terminal Railway Company, in which said defendant owns or holds stock, as deponent is informed and believes; E. A. Hitchcock, C. W. Barnes, and E. T. Allen, respectively president, treasurer, and secretary of the Crystal Plate Glass Company, in which said company said defendant owns or controls stock, as deponent is informed and believes. That all of said above-mentioned persons reside or transact business in St. Louis, Missouri, as deponent is informed and believes. (8) That in the nature of the case, the defendant will be an unwilling witness for plaintiffs, and it will be impossible to obtain from him, by examination on written interrogatories, a full and fair statement of the facts known to him relating to the issues in the action. (9) That, as deponent is informed and believes, all of the other above-mentioned persons sought to be examined by plaintiffs have sustained long-continued business relations with the defendant, and are more or less on friendly terms with the defendant. That, as deponent is informed and believes, all of the aforementioned persons are unwilling and reluctant witnesses for plaintiffs, and will avoid testifying to the facts within their knowledge respecting the issues in

this action, unless the same can be elicited from them by an oral cross-examination. That deponent has caused inquiries to be made of most of the afore-mentioned persons as to the facts within their knowledge, but that the said persons are unwilling and reluctant to give any information whatever, and that an oral cross-examination of said witnesses is, as your deponent is informed and believes, absolutely necessary, in order to obtain a full and truthful statement of the facts within their knowledge relative to the issues of this action. That, as has been hereinbefore set forth, the persons sought to be examined as witnesses on the part of the plaintiffs occupy personal and business relations with the defendant, and are unknown to the plaintiffs, and from the very nature of their relations will be reluctant to assist the plaintiffs, or to give them any information or assistance whatsoever. (10) Deponent is informed that there are other witnesses in the city of St. Louis, in the state of Missouri, whose testimony is necessary and material for the trial of the action, but whose names deponent has been unable, after due diligence, to ascertain. That the facts as to financial condition are in their nature such as cannot reasonably be expected to be ascertained by an examination on written interrogatories, and that, upon the examination, it will be necessary to introduce in evidence books and entries therein, and to examine the witnesses with reference thereto, to which said books and entries plaintiffs have no means of access, excepting as they shall be produced on such examination, and as to which they cannot, therefore, frame interrogatories. (11) That the deponent also expects to prove by the following witnesses the facts with relation to the actual residence and domicile of said defendants from the year 1889 to the time of the commencement of this action: Philip H. Zepp, clerk of the circuit court of St. Louis; William A. Hobbs, recorder of deeds of the city of St. Louis; James L. Carlisle, recorder of voters; R. A. Campbell, controller; John J. O'Brien, president of board of assessors. That all of said persons reside in the city of St. Louis, as deponent is informed and believes. (12) Deponent further says that plaintiffs have caused the utmost efforts to be made to find some person or persons residing in the state who have sufficient knowledge of the facts they expect to prove by the witnesses residing in the state of Missouri as aforesaid, and that they have not succeeded, and that there are no persons now residing within this state, to the knowledge of the plaintiffs or this deponent, by whom such facts, or any of them, can be proved. (13) Your deponent further says that it is necessary for the furtherance of the ends of justice that an open commission should issue out of this court, directed to some suitable person resident in the city of St. Louis, authorizing him to examine orally, relative to the issues of this action, any witnesses who may be produced by either party. (14) Deponent further says that, under the circumstance in this case, a commission authorizing the taking of depositions or the answering of interrogatories to be here settled will not meet the requirements of the case, nor can the plaintiffs thereby obtain from the several material witnesses, as aforesaid, a full and impartial statement of the facts within their knowledge, as he is advised by counsel and verily believes. (15) That the defendant resides at St. Louis, and has counsel at that place, as deponent is informed and believes; and that no injury or extraordinary expenses will result to him because of the taking of the evidence under an oral commission. (16) That Miss Roberta Tyler, who resides at Louisville, Kentucky, is a sister-in-law of the defendant, and acquainted with facts of his residence, and has made affidavits with regard thereto in other proceedings, and is a material witness for the plaintiffs, as deponent is informed and believes, upon the said question of the residence of said defendant. (17) That this deponent has fully and fairly stated to his said counsel the facts which plaintiffs expect to prove by said witness; that said witness is a material and necessary witness for the plaintiffs on the trial of said action, as he is advised by his said counsel after such statement, and verily believes. (18) That deponent is de-

sirous of taking the deposition of said Miss Roberta Tyler upon written interrogatories to be settled. (19) That the sources of deponent's information, and the grounds of his belief as to all matters not herein stated upon his own knowledge and information, communicated by letter to deponent's said counsel by Albert N. Edwards, Esq., counselor at law, St. Louis, Missouri, whom deponent caused to be employed for the purpose of assisting in obtaining the evidence necessary to sustain the issues upon the part of the plaintiffs' statement made to deponent by his said counsel and attorneys, besides his own knowledge as such plaintiff."

Argued before VAN BRUNT, P. J., and O'BRIEN and LAWRENCE, JJ.

*Blackwell Bros.*, (*F. E. Blackwell*, of counsel,) for appellant. *Janeway, Thacher & Richards*, (*James G. Janeway*, of counsel,) for respondents.

VAN BRUNT, P. J. It is the well-settled rule that an open commission should never be granted, except under peculiar circumstances, and certainly not upon the motion of the plaintiff without the strongest and most convincing reasons, as the granting of such a motion upon behalf of the plaintiff would simply be transferring the trial of the cause to a jurisdiction different from that in which he has seen fit to place the venue. No facts whatever, justifying the order in question, are disclosed by the papers upon which this motion was granted. It may be more convenient for the plaintiffs to transfer the trial of the cause to some other jurisdiction, but this affords no ground for granting this extraordinary relief. The order should therefore be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, with leave, upon payment of the costs of the motion and of this appeal, for the plaintiffs to move for a commission upon interrogatories. All concur.