·LAIDLEY v. ROGERS et al.

(Supreme Court, General Term, Third Department.   February 15, 1893.)

1. DEPOSITION—ORAL CROSS-EXAMINATION.

Where plaintiff's principal witnesses are to be examined by commission, and it is difficult for defendant to anticipate what their testimony will be, so as to enable him to properly frame his cross interrogatories, he will be granted the right to cross-examine them orally, with leave to plaintiff to re-examine the witnesses orally, or to have an oral direct examination if he prefers.

2. SAME—POWER OF COURT.

Under Code Civil Proc. §§ 893, 894, which provides that the parties may stipulate or the court may direct that a commission issue without written interrogatories, and that the deposition be taken on oral questions, or partly on oral questions and partly on written interrogatories, the court has the power to direct an oral commission against the objection of one of the parties.

3. SAME—APPEAL—REVIEW OF GENERAL TERM.

On appeal from an order denying defendant the right to orally cross-examine plaintiff's witnesses, whose testimony is taken by commission, the general term will consider and pass on the case on its merits.

Appeal from special term, Franklin county.

Action by Fred C. Laidley, as assignee of Martin T. Lally, in trust for the benefit of his creditors, against James Rogers, E. F. Fouquier, and George A. Taylor, to recover $3,754 from defendants for the work of Martin T. Lally in constructing a section of the St. Lawrence & Adirondack Railroad.   From an order directing that two commissions issue for the examination of two of plaintiff's witnesses and denying defendants' request for leave to orally cross-examine such witnesses, defendants appeal.   Modified.

The following is the affidavit of plaintiff's counsel on which the order was granted:.

"Thomas Cantwell, being duly sworn, says that he is one of the attorneys for the plaintiff in the above-entitled action.   That this action is brought to recover the sum of $3,754 from the defendants for the work and labor of Martin T. Lally in constructing a section of the St. Lawrence & Adirondack Railroad. That said Lally made a general assignment to plaintiff.   Franklin county is the place of trial.   That defendants in the answer allege that they do not owe the plaintiff anything, and that they have paid said Lally and his creditors for all work performed.   * * *   That said Martin T. Lally has died since the commencement of this action.   * * *   That William A. Dafter, who resides at Swan River, in the state of Minnesota, and Joseph P. Lally, who resides at Detroit, Mich., are necessary and material witnesses for the plaintiff on the trial of this action, and each of them is a necessary and material witness on this trial on the following questions, viz.: Upon the amount of work and labor performed by said Lally, and upon the amount of payments which the defendants made to said Lally, and upon the damages which said Lally suffered from the unreasonable delays of the defendants.   That said Dafter is a civil engineer, and acted as the engineer of the said Martin T. Lally in the construction of said railroad, and in making the estimates of the amount of work performed, and said Joseph P. Lally was the brother of said Martin, and acted as his confidential man and helper in said work, and said Dafter and said Joseph P. Lally talked with deponent at Malone before they went away, and told deponent what they could swear to, and that they would and could testify as to the amount of work performed by said Lally, and also as to the said delays and damages, all of which are in controversy in this action.   That each of said witnesses is a necessary and material witness for the plaintiff on the trial of said action, as deponent has advised the plaintiff, after such statement of said witnesses, and verily believes to be true, and that without the testimony of said witnesses and each of them the plaintiff cannot safely proceed to the

trial of this action, as deponent has also advised the plaintiff, after such statement, and verily believes. That neither of said witnesses is now within the state of New York, but the said William A. Dafter is now at or near Swan River aforesaid. and that deponent had a letter from him at that place recently. That said Joseph P. Lally resides at 76 Windsor street, Detroit, Mich., and is not now in the state of New York, as deponent verily believes, because this deponent had a letter from said Joseph P. Lally, dated and postmarked at Detroit not long ago."

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

Kellas & Munsill, (John P. Kellas, of counsel,) for appellants.

Cantwell & Cantwell, (Thomas Cantwell and William P. Cantwell, of counsel,) for respondent.

PUTNAM, J. This is an appeal by defendants from an order made on motion of plaintiff that two commissions issue to examine two witnesses on interrogatories to be annexed to said commissions, and denying defendants' request to have a provision inserted in said order that they be allowed an oral cross-examination of said witnesses. It is evident from an examination of the affidavits and papers in the case that the witnesses so proposed to be examined by commission are very important ones. They are doubtless plaintiff's principal witnesses to establish his cause of action. It is apparent from the nature of the case that it would be difficult, if not impossible, for the defendants to so anticipate what these witnesses would testify to as to properly frame written cross interrogatories. I think defendants, if they desire, should have the right to orally cross-examine these witnesses. The court, under sections 893, 894,[1] Civil Code, have the power to direct an oral commission, and have often exercised the power in similar cases. Smith v. Talmadge, 3 N. Y. Law Bul. 97; Parker v. Lythgoe, 13 N. Y. Supp. 949; Wainwright v. Low, 49 Hun, 283, 1 N. Y. Supp. 786.

On appeal from the order it is our duty to consider and pass upon the case on its merits. Jemison v. Bank, 85 N. Y. 546. The order should be modified as follows: It should provide that the commission issue in the ordinary form, with leave to the defendants to cross-examine the witnesses orally; they, however, to pay the expenses of the commission attendant on said cross-examination; plaintiff to have the right to subject the witnesses to an oral re-examination, if desired; he to bear the expenses thereof. The plaintiff may also, if he so elects, have an oral direct examination of said witnesses, instead of an examination upon interrogatories. I think the order should be modified as above, without costs to either party. All concur.

[1]These sections provide that the parties may stipulate or the court may direct that a commission issue without written interrogatories, and that the deposition be taken on oral questions, or partly on oral questions and partly on written interrogatories.