(67 Hun, 556.)

HART et al. v. OGDENSBURG & L. C. R. CO. et al.

(Supreme Court, General Term, Third Department.   March 2, 1893.)

1. DEPOSITION—RIGHT TO OPEN COMMISSIONS.
    Where an action by stockholders to prevent the consolidation of their corporation with another is properly brought within the state, the fact that it will be necessary for plaintiffs to prove certain allegations of their complaint by exact evidence as shown by the books and papers of both corporations, whose principal offices are without the state, and as known to the officers, who are nonresidents, is no ground for sending them to the foreign state for trial, but an open commission will issue for the examination of such officers and books and papers.

2. SAME—LACHES IN MAKING APPLICATION.
    A delay in applying for the commission is no ground for denying it where no right of the adverse party has been impaired, and the parties will be able to execute the commission before next trial term.

3. SAME—APPLICATION ON INFORMATION AND BELIEF.
    The fact that allegations of counsel in the moving affidavits rest on information and belief is no ground for denying the application for an open commission when the facts on which such allegations are based are beyond dispute.

4. SAME—EXPECTATION OF FAVORABLE EVIDENCE.
    To warrant the issuance of a commission for the examination of an adverse party, it is not necessary to show that he will state facts favorable to the moving party, but it is sufficient to show that the adverse party has knowledge of facts from which the moving party seeks to draw favorable conclusions.

5. SAME—RIGHT TO OPEN COMMISSION.
    In an action by stockholders of one corporation to prevent its consolidation with another on the ground that plaintiffs' company is absolutely controlled by the other, and that plaintiffs' stock will be rendered valueless by the inequitable nature of the contract for consolidation, an open commission will issue when it appears that the ordinary commission with written interrogatories would be useless, in view of the want of exact knowledge of the methods of the two corporations possessed by plaintiffs and their counsel, and when it further appears that plaintiffs do not know the names of the precise persons who have possession of the important books and documents which they may need, or of the names of those who may have passed from the service of defendants, but who were actors at the time of the various events relied on to show the inequitable nature of the proposed consolidation.

6. SAME.
    Such commission should be limited, in a general way, to an examination of those present and past officers, agents, and clerks of the corporation who have, or have had, charge of the books and papers, and who have knowledge of the facts alleged in the complaint.

Appeal from special term, St. Lawrence county.

Action by William T. Hart and others against the Ogdensburg & Lake Champlain Railroad Company and the Central Vermont Railroad Company to prevent the consolidation of the two defendant companies. From an order directing that an open commission issue to Nathan N. Post, Esq., commissioner, of St. Albans, Vt., directing the examination of all the books, papers, and records of the defendants, and of such witnesses as plaintiffs may produce and desire to examine, and also the persons who are or have been officers, agents, clerks, or employes of defendants within the state of Vermont, defendants appeal.   Affirmed.

The following opinion was delivered by Mr. Justice RUSSELL at special term:

"The plaintiffs, as stockholders of the Ogdensburg Company, sue the defendants to prevent a consolidation of the two companies. Their grounds for relief, shortly stated, are: First. The Ogdensburg Company was so largely officered by the other company, and so completely within its grasp, that the contract of consolidation proposed is simply one which the Central Vermont Company is making with itself wherever it affects the property of the Ogdensburg Company, and consequently the interest of the plaintiffs. Secondly. If, for this reason, the contract be not void, it is still grossly inequitable for many reasons, one being that it is proposed to take ten shares of the Ogdensburg Company to make one share of the new company, while the Central Vermont Company exchanges its shares each for each in the new company.

"The subject-matter or property affected by the proposed consolidation, being the roadbed and the other property of the Ogdensburg Company, lies within the state of New York. This is, therefore, properly the forum for the litigation. The evidences of the dealings for past years between the companies and between the nominal officers of the Ogdensburg Company, who are charged to have been really the agents of the Central Vermont Company, are shown by books and papers which are outside the state, and in the possession of the latter company, in the state of Vermont. If, therefore, the plaintiffs are compelled to prove, as matters of fact, certain allegations of their complaint by exact evidence as they appear upon the books and from the papers of the two companies, and as known by the officers of the two companies, it is necessary for them to go to the fountain head of the evidence, and largely try the matters of fact in the state of Vermont. If this necessity arose from the attempt of the plaintiffs to bring their action in a forum which was palpably out of place, it would be sufficient to deny an open commission to them. The courts would tell them to go to that forum for trial. But, as they have brought their action where the property lies, the necessity is an incident, and does not bar their right to a fair trial. The motion is strenuously opposed on various grounds, none of which seem to this court to be sufficiently meritorious to call for an absolute denial of the motion. It is stated in the affidavit of the attorney for both companies, upon information and belief, that the action was brought to compel the purchase of the plaintiffs' stock at a large price. I see no fact stated by him, or appearing from any of the papers, which justifies the inculpating part of such a charge. If it is meant that the plaintiffs are seeking with diligence, and the use of all such legal appliances as are proper, to protect their stock interest in the Ogdensburg Company, and would be glad if such diligent and strenuous action appreciated the value of their stock sufficiently so that those interested in the defense would purchase at a satisfactory price, then the plaintiffs are doing only that which they have a legal right to do, and it is not to be supposed that any one who brings a legal action does so to simply vindicate a pure principle of morality and justice.

"Second. The defendants also claim laches. No right of theirs seems to have been impaired or position lost by delay. The next trial term in St. Lawrence county is nearly two months away, and it would seem that this commission might be executed, if both parties proceed with diligence, long before that term.

"Third. It is contended that the application, so far as it rests upon the allegations of the complaint and upon the statements of the attorney and counsel in the moving affidavits, rests upon information and belief; and various cases are cited containing expressions of opinion by different judges that in such cases the affidavit should be made by the parties themselves instead of the attorney and counsel. There is in many cases a reason for such a rule. But affidavits and statements in papers are simply designed to present facts for the information of the court, and upon which it can act. A conclusion stated upon information and belief, but which is based upon facts which appear beyond contradiction, is as convincing as the absolute statement of knowledge. In this case many of the facts are beyond dispute. Some of them are admitted by the pleadings, and, of course, as to those no evidence is required. But other allegations, which, upon the argument of the injunction before me, were acquiesced in, or assumed for the purposes of that argument to be as claimed by the plaintiffs, are put in issue by the forms of the answers. Hence evidence is required even upon the various facts which demonstrate the connection of the Central Vermont Company with the organization of the Ogdensburg Company for various years back. The entire scope of the allegations of the complaint charging bad faith and mismanagement of the Ogdensburg Company is denied by the answers. It therefore comes pretty much to this: either this court must, upon this motion, compel the plaintiffs to

give up their case by denying to them the opportunity to prove it, or must allow them such a commission as will enable them to get their evidence, which must almost entirely come from adverse witnesses and books and papers in the possession of the adverse parties. Those adverse parties deny to these plaintiffs a right or privilege to examine these books and papers, although the plaintiffs are stockholders. The claim made by the defendants' counsel that when an examination of an adverse party, or the testimony of an adverse party by commission, is sought, it is necessary to prove, to get the order, that that adverse party will state the facts favorable to the side moving, seems to me to be unfounded. It is doubtless the rule that in the requirement of the adverse party to submit to an examination it should be evident that that adverse party should have knowledge of the facts from which the moving party seeks to draw the favorable conclusion, but that is the extent of the rule; otherwise a denial under oath upon the motion by the adverse party that he could testify favorably would be sufficient to destroy the application.

"I think the motion should be granted, and the only serious difficulty which I have had with the determination is as to the extent of the latitude to be allowed. Plainly, an ordinary commission with written interrogatories would be useless in view of the want of exact knowledge of the methods of the management of the two companies possessed by the plaintiffs or their counsel. It is also evident that the plaintiffs are not in possession of the names of the precise persons who have custody of the important books and documents which they may need, or of the names of those who may have passed from the service of the defendants, but who were actors at the time of various of the events. It may be easily seen why the plaintiffs can charge the happening of various events which culminated in what they allege to be a disaster, and yet not be able, prior to an examination of the parties participating, to state in extenso by common-law evidence the exact means by which the result was obtained. I cannot believe that the defendants or their counsel will present needless or harassing obstacles in the way of obtaining proper and relevant evidence upon the issues after the court shall have awarded a commission for that purpose; and, acting on such belief, I cannot indulge the plaintiffs with the extreme latitude of such an open commission as would allow an unnecessary range of examination, nor do I believe they desire it. Therefore the commission in a general way should be limited to an examination of those present and past officers, agents, and clerks of the companies who have or have had charge of the books and papers, and have knowledge of the events alleged in the complaint upon those subjects, and the examination should be confined to proper proof (1) as to whether the defendant the Ogdensburg Company has been under the control of the management of the other defendant, and to what extent; (2) by whom, and under what circumstances, was the attempted consolidation arranged and so far carried on? (3) the circumstances which render that arrangement unjust to the Ogdensburg Company; and (4) the amounts of money or property which the Central Vermont Company should have credited to the Ogdensburg Company, or which they are obliged in law to account for."

For appeal from order theretofore granted, refusing to vacate injunction pendente lite, see 20 N. Y. Supp. 918.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

Louis Hasbrouck, (Daniel Magone and John C. Keeler, of counsel,) for appellants.

Theodore H. Swift, (Charles O. Tappan and William C. Loring, of counsel,) for respondents.

PER CURIAM. Order granting an open commission affirmed on opinion of special term, with $10 costs and printing and other disbursements.