HENRY H. DARLING, Respondent, *v.* DANIEL KLOCK, Jr., Appellant.

*Open commission — should name or describe the witnesses.*

An order for an open commission should not be granted on the motion of the plaintiff without the strongest proof of its necessity, especially in a case where its effect would probably be to compel the defendant to proceed with his counsel to the Territory of New Mexico, and remain there for a considerable time, necessarily incurring great expense.

An order was granted authorizing the examination before a commissioner in New Mexico of any witness either party to the action might produce. It did not name the witnesses nor did it assume to describe them.

*Held,* that the order should not be sustained;

That although there might, perhaps, be peculiar and extraordinary cases where an open commission might properly issue to examine unnamed and undescribed witnesses, the examination in the case in question should be limited to witnesses residing in New Mexico, or in that locality, and such witnesses should be named or described.

APPEAL by the defendant, Daniel Klock, Jr., from an order made by the county judge of Rensselaer county, and entered in the office of the clerk of the county of Rensselaer on the 20th day of June, 1893, directing that an open commission issue out of the Supreme Court in the above-entitled action, directed to a commissioner in the Territory of New Mexico to examine any witness produced before him by either party.

*Edwin Countryman* and *John H. Peck*, for the appellant.

*Lansing & Holmes*, for the respondent.

PUTNAM, J.:

An order for an open commission should not be granted on motion of the plaintiff without the strongest proof of its necessity. (*Lentilhon et al.* v. *Bacon*, 48 N. Y. St. Repr. 864.) Especially in a case like this, where its effect will probably be to compel the defendant to proceed with his counsel to the distant Territory of New Mexico, and remain for a considerable time, necessarily incurring great expense.

We think the order granted in this case should not be sustained.

It authorizes the examination before the commissioner in New Mexico of *any* witness either party may produce. It does not name the witnesses or assume to describe them. Any one *from any part of the world* may be examined. The plaintiff, under the order, could have all his testimony taken before the commissioner if he desired. The examination should certainly be limited to witnesses residing in New Mexico or in that locality.

Also, the witnesses to be examined, *if* limited to persons residing in New Mexico, should be named or described. There are, perhaps, peculiar and extraordinary cases where an open commission may properly issue to examine unnamed or undescribed witnesses. (See *Jemison et al.* v. *The Citizens' Savings Bank of Jefferson, Tex.*, 85 N. Y. 546; *Jones* v. *Hoyt*, 10 Abb. N. C. 324.) We do not

regard this as such a case. In *Hart* v. *The O. & L. C. R. R. Co.* (67 Hun, 556–560) the witnesses to be examined were described as the "present and past officers, agents and clerks of the companies," etc. The case of *Parker* v. *Lithgoe* (36 N. Y. St. Repr. 981), referred to by respondent, was a peculiar one, and is fully explained in *Kaempfer* v. *Gorman* (43 id. 800). It cannot be deemed an authority to sustain the order granted in this case.

Perhaps the affidavit was sufficient to authorize a commission to issue providing for the examination of "Mills" and the past and present officers and servants of the "Socorre Mountain Mining Co.," or "the Rio Grande Smelting Co.," without naming those officers or servants. But it goes further than that, and allows the examination of *any other resident of New Mexico*, or of any other part of the world. The order should have limited the examination to witnesses residing in New Mexico or in that vicinity, and should have named or described the witnesses, as in *Hart* v. *The O. & L. C. R. R. Co. (supra)*.

The principal object of plaintiff in obtaining the commission seems to be to find witnesses, rather than to examine them. His affidavit states : "That owing to the peculiar circumstances in this case, plaintiff has been, and he verily believes will be, unable to ascertain just who will be necessary witnesses for him to establish his side of the case, until some of the parties in the Territory of New Mexico implicated in and connected with the transactions set forth in the complaint have been examined," etc.

He evidently does not know that there are material and necessary witnesses for him in New Mexico. On examination of parties in that Territory connected with the transactions set out in the complaint, it may turn out that there are no material witnesses there.

The order should be reversed, with costs and disbursements, and the motion denied, with costs, but with leave to plaintiff to renew his motion.

MAYHAM, P. J., and HERRICK, J., concurred.

Order reversed, with ten dollars costs and printing disbursements, and motion denied, with ten dollars costs, with leave to plaintiff to renew motion.