INGRAHAM, J.
—The order appealed from directed that-an open commission issue to examine on oath any witness who may be produced before the commissioner by either plaintiff or the defendant General Electric Company on or before the 20th day of November, 1896, at a time and place within the city of Cleveland, Ohio, to he specified on written notice by either of said parties to the other, upon oral questions to be put to the witness thus produced under the issues in the action ; the order limiting the witnesses to be called to the individual defendants residing in Cleveland, Ohio, and the present and past officers, agents, and servants of the defendant General Electric Company, of the Swan Lamp-Manufacturing Company, or of the Brush Electric Company of Cleveland, Ohio; the order then limiting the examination in certain particulars. We think this order was entirely unauthorized. The action is brought to recover $25,000 damages sustained • by the plaintiff-as a stockholder of the Swan Lamp-Manufacturing Company; it being claimed “ that by reason of the above wrongful acts complained of, on the part of the General Electric Company and of the Swan Lamp-Manufacturing Company and its officers and directors, the business of said Swan Lamp-Manufacturing Company was entirely and definitely stopped, and its property and rights were entirely absorbed by the General Electric Company.” The order was granted upon the pleadings, and the affidavit of the plaintiff’s attorney, setting forth the ownership of the plaintiff in the stock of the Swan Lamp-Manufacturing Company, the various acts under which the General Electric Company was organized, thé purchase of the stock of the.Swan Lamp-Manufacturing Company by the General Electric Company, except the stock belonging to the plaintiff, .and various acts of the defendants by which it *1209 is claimed that the stock of. the plaintiff was rendered worthless. The affidavit then alleges that the plaintiff will be necessarily put to the proof of the main facts alleged in the complaint, compelled to prove the same by the books of record, the minute books, and other books of said Swan Lamp-Manufacturing Company and of the Brush Electric Company of Cleveland, Ohio, and also of the testimony of the past and present officers, agents, and servants of the General Electric Company, of the Swan Lamp-Manufacturing Companjq and of the Brush Electric Company of Cleveland, Ohio, residing in Cleveland, Ohio. The deponent then says, on information and belief, that plaintiff does not know the names of the persons who formerly had or now have the control and custody of, the said books and papers, and that he desires to examine all the-individual defendants residing in Cleveland, Ohio, and all the other servants, agents, officers, or persons otherwise under the control of the said General Electric Company ; that the testimony desired to be taken is material to the plaintiff in the prosecution of the suit, but that he is ignorant of many of the details relating to the facts alleged in the complaint, ivithout which he (the deponent) could not frame interrogatories sufficiently comprehensive to procure the information required to prove the facts in the case ; and that the plaintiff is absent in Europe, and that is why he does not make the affidavit. It seems to us that this affidavit is entirely insufficient to justify the issuance of any commission. By section 881 of the Code it is provided that:
“ Where it appears, by affidavit, on the application of either party, that the testimony of one or more witnesses, not within the state, is material to the applicant a commission may be issued, to one or more competent persons, named therein, authorizing them, or any one of them, to examine the witness or witnesses named therein, under oath, upon the interrogatories annexed to the commission.”
And by section 891 it is provided that, where an issue of fact is joined in an action pending in the supreme court and other courts, the court to which an application for a commission is made may, in its discretion, upon satisfactory proof by affidavit that one or more witnesses, not within the state, are-material and necessary in the prosecution or defense of the action, make an order, upon such terms as he deems proper, directing that an open commission issue. To justify the issuance of an open commission in any case, it must appear that the testimony of the witness whose examination is sought is material to some issue joined in the action, and the necessity of a commission must appear. We think the affidavit in this, case fails to show that the examination of any witness named is material to either party upon the trial of any issue of fact. ¡No particular witness is named who can testify to any fact which is material.. The plaintiff’s attorney who makes the affidavit says that he does not know the name of any witness. *1210 who can testify. What he Avants to do is to get an order under which he can subpoena such persons as he pleases in Cincinnati, examine them to ascertain Avhetker or not they Avill testify to any facts which he thinks will aid the cause of action, and thus, by someAvkat of a fishing examination, at the expense of the defendants, see if the facts exist which would give him a cause of action. We do not think that such an object can be accomplished by the issuance of an open commission. As Avas said by Yan Brunt, P. J., in delivering the opinion of the general term of the supreme court in Lentilhon v. Bacon, 20 N. Y. Supp. 488 :
“ It is the Avell-settled rule that an open commission should never be granted, except under peculiar circumstances, and certainly not upon the motion of the plaintiff, without the ■strongest and most convincing reasons, as the granting of such ■a motion upon behalf of the plaintiff Avould simply be transferring the trial of the cause to a jurisdiction different from "that in which he has seen fit to place the venue.”
The order appealed from should be reversed, Avitk $10 costs .and disbursements, and the motion denied, Avith $10 costs.
All concur.