(23 Misc. Rep. 260.)

## BURNELL v. COLES.

(City Court of New York, General Term.    March 28, 1898.)

APPEAL—REVIEW—OPEN COMMISSION.
> Upon appeal from an order entered upon defendant's motion providing for an open commission for examination in Boston of witnesses to be named therein, and of all witnesses who might be produced by plaintiff, *held*, as no error or abuse in the court below was shown, the exercise of its discretion in granting the order should not be disturbed.   Code Civ. Proc. § 894.

Appeal from special term.

Action by Blanche A. Burnell against William F. Coles.    From an order for an open commission entered on defendant's motion, plaintiff appeals.    Affirmed.

Argued before O'DWYER and OLCOTT, JJ.

Percival S. Jones, for appellant.

Moore, Bleecker & Wheeler, for respondent.

OLCOTT, J.    This is an appeal by the plaintiff from an order entered upon defendant's motion, providing for the issuance of an open commission to a commissioner at Boston to take the examination of the witnesses to be named in said commission, who may be produced before him by the defendant, and also of all witnesses who may be produced by the plaintiff.    The appellant contends that the moving affidavits are insufficient; that the commission was desired for the purpose of seeking evidence, rather than recording it; and that an examination under a commission with interrogatories would have answered all the proper and essential purposes of the defendant.

It is not without interest at this point to note the history of the decisions of the appellate courts with relation to orders like that now under discussion.    No longer ago than in 1874 the general term of the supreme court held, in the case of Treadwell v. Pomeroy, 2 Thomp. & C. 470, that an appeal did not lie from an order to take depositions on commission without the state, if the court had power to grant it, as it did not affect a substantial right.    In the same year the same court (Wallace v. Thread Co., 2 Thomp. & C. 574) held that an order denying a motion for such commission was appealable, because affecting a substantial right, but otherwise with an order granting it.    This perhaps overnice distinction was disapproved by the court of appeals in 1881 in the case of Jemison v. Bank, 85 N. Y. 546; and certainly from that time there had never been a serious question raised as to such an order as that now under consideration being appealable.    Nor does the respondent now raise that question.    We have merely viewed the above-mentioned decisions as a background for that which may be discerned as the feature of the present rule upon that subject,—that, though the order is appealable, it should not be reversed save for a clear and substantial abuse of that discretion which is especially intrusted to the justice at special term by section 894 of the Code.    So, the court of appeals, in Jemison v. Bank, supra, in deciding that an order for an open commission was appealable, made a special emphasis upon the possible abuse of discretion of the court below arising from

the fact that the witnesses were unknown and unnamed, and the place of taking their depositions at as expensive a distance as Texas. Neither of these features is found in the order now under consideration. The general term of the supreme court, in Lentilhon v. Bacon, 20 N. Y. Supp. 488, reversed an order for an open commission, but especially upon the ground that it had been obtainable upon motion of the plaintiff, who might have brought his action in a tribunal having jurisdiction over the place where his witnesses were. So, also, in the cases of Hart v. Railroad, 67 Hun, 556, 22 N. Y. Supp. 401, Darling v. Klock, 74 Hun, 248, 26 N. Y. Supp. 445, and Einstein v. Electric Co., 9 App. Div. 570, 41 N. Y. Supp. 808, it was the plaintiff's commission which was complained of; while at the case at bar the commission was granted upon the motion of defendant, who had no opportunity of selecting his forum, and who claims that he cannot procure his testimony without resort to the relief which was granted by the court below.

The appellant's counsel cites a number of other cases to support this appeal, but we believe that all of them are distinguishable from the case at bar; and, as the sole question involved in such an appeal as this is whether the court below has abused its discretion, it must be answered in each case only after an examination of the moving papers, which, of course, never exactly parallel those which were passed upon in other cases and by other courts. Such an examination discloses no error or abuse by the court below in this case. On the contrary, the learned chief justice had "satisfactory proof by affidavit" (section 894, Code) before him, and safeguarded his exercise of discretion by providing against the request and suggestion of the defendant that the names of his witnesses must be disclosed and inserted in the commission, while plaintiff might examine whom she pleased. The court also minimized the expense of attending before the commission, by providing that he should proceed from day to day.

The order should be affirmed, with $10 costs and disbursements.

O'DWYER, J., concurs.