(25 Misc. Rep. 409.)

BURNELL v. COLES.

(City Court of New York, General Term. December 7, 1898.)

DEPOSITIONS—OPEN COMMISSION—ABUSE OF DISCRETION.

    It is not an abuse of discretion for the trial court (under Code Civ. Proc. § 894, authorizing it, in its discretion, on satisfactory proof by affidavit that witnesses not within the state are necessary in the prosecution or defense of the action, to make an order directing that an open commission issue) to grant to defendant in a $50,000 breach of promise of marriage case, on a proper affidavit, an open commission to take the testimony of

nonresident witnesses in support of his defense, set up in mitigation of damages, that plaintiff has a bad character, and has been guilty of licentious conduct.

Appeal from special term.

Action by Blanche A. Burnell against William F. Coles. From an order granting defendant's application for an open commission to take the testimony of witnesses at Boston, plaintiff appeals. Affirmed.

Argued before SCHUCHMAN and OLCOTT, JJ.

P. S. Jones, for appellant.

W. B. Moore, for respondent.

SCHUCHMAN, J. The action is brought to recover $50,000 damages for breach of promise of marriage. The defense sets up, in mitigation of damages, plaintiff's bad character, and immoral and licentious conduct. A former order to the same effect had been made herein by this court, affirmed by the general term, but reversed by the supreme court (appellate term), with leave to renew motion on proper papers. 23 Misc. Rep. 260, 51 N. Y. Supp. 172; 23 Misc. Rep. 615, 52 N. Y. Supp. 200. On the renewal motion, resulting in the order now appealed from, the defects pointed out by the appellate court on the former motion had been remedied. The administration of justice would be feeble indeed, if not farcical, if it could not reveal the truth. If plaintiff is of respectable, virtuous character, and led a virtuous and blameless past life, as she and her friends in their affidavits submitted on this motion assert, she can easily bring the legal proof to establish the fact satisfactorily to the court. If her character is and has been bad, and her conduct immoral and licentious, the defendant ought to be given an opportunity to prove it, because she claims $50,000 damages from defendant for the injury occasioned to her person and character by him. The burden of proof is on her to satisfy the court that that amount of value of metal, in that regard, was and is in her.

We think the justice making the order wisely exercised his judicial discretion, and the same is affirmed, with costs.

OLCOTT, J., concurs.