## PALMER *a.* SMEDLEY.[*]

*Supreme Court, First District; Special Term, November,* 1861.

### COSTS.—JUDGMENT.

Costs awarded on a demurrer to part of a pleading are final, and not interlocutory costs. They cannot, therefore, be recovered until judgment is rendered upon all the issues.

On demurring to part of an answer, the plaintiff may put the cause on the calendar for trial of the issues of fact, without waiting for the decision upon the issues of law.

Motion by the plaintiff for a precept for costs.

The facts are sufficiently stated in the opinion.

*W. W. Badger,* for the motion.—I. This motion is made under Laws of 1847, ch. 390. Section 3 is intended to include all interlocutory costs, and to substitute a *fieri facias* for an attachment. (Hulsaver *a.* Wiles, 11 *How. Pr.* 446; Mitchell *a.* Westervelt, 6 *Ib.*, 265; Wetzel *a.* Schultz, 13 *Ib.*, 191; Lucas *a.* Johnston, 6 *Ib.*, 121.)

II. The costs claimed are clearly interlocutory. A demurrer to part of an answer is substantially a motion to strike out the same.

III. The costs belong to the attorney, and he ought not to be required to await the result upon other issues.

*G. D. Lamont,* for the defendant.

BARNARD, J.—A demurrer was interposed by plaintiff to one of two defences contained in the answer, and the demurrer sustained with costs. Motion is now made for a precept to issue for the costs, or for an order directing the costs to be paid, and for final judgment in case of default in payment, with costs of motion, and for an order directing the issue of fact to be placed in the calendar for trial at its proper place according to its date.

[*] A prior decision in this cause is reported, 6 *Ante,* 205.

As the law existed prior to the Revised Statutes, when there were several issues, the party prevailing on the whole record recovered his costs without any deduction for the issues found against him. By the Revised Statutes it was enacted (§ 26), "where there are several issues joined in any cause, and a verdict shall be rendered in one or more of them for plaintiff, and for defendant on another, costs shall be awarded as follows:

"1. When the substantial cause of action was the same in each issue, plaintiff shall recover costs on the issues found for him, and shall not be liable to defendant for the costs of the issues found for such defendant.

"2. When there are two or more distinct causes of action in separate counts, the plaintiff shall recover costs on those issues which were found for him, and the defendant on those found for him.

"Sec. 27. If judgment be rendered for defendant on the whole record, the costs of the issues which may have been found for plaintiff shall not be allowed to either party." It will thus be seen that, whether at common law or under the Revised Statutes, the costs following the decision of one of several issues were always dependent on the final determination of the action. Being thus dependent, they were not interlocutory; but were the final costs to be entered in the judgment for the plaintiff, or defendant, or neither, after all the issues had been disposed of, according to the result. The costs in question, then, being those following the determination of an issue,—for a demurrer to one defence creates an issue,—were not, under the law as it stood prior to the Code, interlocutory costs. Indeed, under the then existing law the plaintiff would not be entitled to those costs unless he recovered upon the whole record.

Has the Code made any alteration? I do not perceive that it has. If the plaintiff is entitled at all to these costs under the Code, irrespective of what may be the result of the other issues, it must be on the ground that he is the prevailing party on the judgment (see §. 303) as to one of the issues. Taking this ground, however, it necessarily follows that these costs must be final costs, because they are only allowed on the theory that plaintiff being entitled to a final judgment on one issue, is, as to that, the prevailing party on the judgment to be entered, and entitled when judgment is entered to have it entered in his favor,

with costs as to the defence demurred to. Decisions have been made, holding that under the Code a plaintiff is not entitled to such costs as those in question, unless he recovers on the whole record. That point may, however, still be considered open. But it does not arise here for decision, for even though plaintiff may be entitled, when judgment is to be entered after the disposition of all the issues, to a judgment in his favor on this demurrer for the costs, although defendant succeeded on the other issues, still no judgment can be entered till all the issues shall be disposed of. I cannot at present authorize any judgment to be entered, and of necessity no question can arise as to what should be the contents of that judgment. I am asked to make some order relating to placing the case on the calendar. I see no reason for so doing; if it is not on the calendar at its proper place, it is the plaintiff's fault. He was entitled to put the cause on the calendar as soon as he received the answer. As a new calendar will be made up for January, 1862, the cause can then be put on its proper place.

Motion denied, with $10 costs.