DANIEL W. WHITNEY et al., Appellants, *v.* RANDOLPH W. TOWNSEND, Respondent.

Where a judgment has been affirmed by the General Term, with costs, an entry of judgment without including costs is regular; the respondent may waive costs, and, by entering up judgment upon the order of affirmance without inserting them, he does waive them.

The docketing of a judgment is only necessary to create a lien upon lands.

Under the statutory requirement, that judgments shall be entered in a "judgment book," separate books are not required for the entry of judgments in legal and equitable actions.

Where separate books are kept, a departure from the usual practice of the office by an entry of a judgment in one book which properly belongs in the other, may be disregarded, or the error corrected by the court, in its discretion, and its action is not reviewable here.

So an order denying a motion to set aside a judgment, because of failure to file a proper judgment roll, is not reviewable here; if what was done amounts to a legal nullity, no substantial rights of defendant are impaired by the denial; if the roll is not in due form, or the filing, for any reason, is irregular, the granting or refusing the application is discretionary.

(Argued June 20, 1876; decided September 19, 1876.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, affirming an order of Special Term denying a motion to vacate and set aside a judgment and judgment roll, and to cancel of record any entry of such judgment. (Mem. of decision below, 7 Hun, 233.)

This action was brought to have a deed declared to be an equitable mortgage, and for an accounting, redemption, etc. Judgment was rendered and perfected in favor of defendant. Plaintiffs appealed to the General Term, where the judgment was affirmed December 30, 1869. On the 9th November, 1872, a judgment roll was filed by defendant, containing the printed case, a copy of order of General Term, and the following judgment or *postea:* "On reading and filing the annexed order of the General Term of this court, and on motion of R. W. Townsend, Esq., defendant and respondent in person, it is ordered and adjudged that the judgment entered in this action

on the 24th day of October, 1869, in favor of the said defend-
ant and respondent, against the plaintiffs and appellants, be
and the same hereby is in all things affirmed."

In the office of the clerk of the city and county of New
York are kept two books for the entry of judgments, one
styled the "common-law judgment book," in charge of a law
clerk, the other the equity judgment book, in charge of the
equity clerk. The indorsement of filing upon the judgment roll
was by the law clerk, and in the common-law judgment book,
after title of cause, was this entry: "Judgment of affirmance
on appeal for resp'dt agst. applts." No other entry or record
of the judgment was made.

The motion to set aside the judgment was made upon the
following grounds:

"That the said pretended judgment was irregularly and
improperly entered; that the said pretended judgment roll
was irregularly and improperly filed.

"First. Because said pretended judgment was not entered
as directed by the order of the General Term of this court on
which it was based.

"Second. Because said pretended judgment was not prop-
erly entered in the proper judgment book.

"Third. Because said pretended judgment was left by the
defendant with the common-law clerk, and was not left with
the equity clerk in said county clerk's office, to be filed with
judgments in equity cases.

"Fourth. Because no fee, as required by law, was paid for
filing or entering said pretended judgment.

"Fifth. Because said pretended judgment was not a judg-
ment of affirmance with costs, as directed by the order of the
General Term of this court on which it was based.

"Sixth. Because said pretended judgment was entered with-
out costs and without any waiver of costs.

"Seventh. Because said pretended judgment was entered
without costs with the common-law clerk in the county clerk's
office, and said papers, purporting to be a judgment roll, were
left by the defendant with the common-law clerk, and placed

with the common-law papers in said county clerk's office, whereby no judgment was or could be docketed."

*Henry L. Clinton* for the appellants. No regular judgment affirming the decision of the Special Term has been entered. (3 R. S. [5th ed.], 638, § 10 ; 639, §§ 14, 17 ; Code, §§ 279, 280 ; *Sche. and S. Plank Road Co.* v. *Thatcher*, 6 How. Pr., 227.) In no sense has judgment been perfected so that an appeal can be taken. (*Lentilhon* v. *Mayor, etc.*, 3 Sandf., 721 ; Code, §§ 331, 334–347, 281, 282, 287–310, 311 ; *Monnell* v. *Weller*, 2 J. R., 8 ; *Ellis* v. *Turner*, 4 Den., 553 ; *Hanlenbeck* v. *Gillies*, 2 Hilt., 239.)

*A. R. Dyett* and *Geo. F. Comstock*, for the respondent. The order appealed from was not reviewable in this court. (Code, § 174 ; *Foot* v. *Lathrop*, 41 N. Y., 358 ; *Ives* v. *Memphis, etc., R. R. Co.*, 58 id., 630 ; 27 id., 638 ; 2 id., 186 ; 3 id., 341.) The court below had no power to set aside the judgment and direct another to be entered in order to allow an appeal to this court, the time for appealing having elapsed. (*Caldwell* v. *Mayor, etc.*, 19 Paige, 572 ; *Monroe* v. *Winter*, 11 id., 529 ; *Humphrey* v. *Chamberlin*, 11 N. Y. ; *Salles* v. *Butler*, 27 id., 638 ; *Wait* v. *Van Allen*, 22 id., 319 ; *Morris* v. *Morange*, 26 How., 247 : *Fry* v. *Bennett*, 16 id., 385 ; 5 id., 381 ; 8 id., 312 ; 2 R. S., 359, § 2 ; id., 424, § 7, sub. ; 14 id., 425, § 10 ; Code, § 174 ; 1 Duer, 679 ; 6 Robt., 472.) No allegation of fraud can be predicated upon an omission to give notice of the judgment. (*People* v. *Cook*, 8 N. Y., 79 ; 20 id., 287 ; 18 id., 295 ; 23 id., 274 ; 19 Barb., 249 ; 40 id., 512 ; 18 Wend., 608 ; *Brush* v. *Lee*, 36 N. Y. 49.)

ALLEN, J. If the merits of the application are reviewable upon this appeal, the order should be affirmed for the reasons assigned in the Supreme Court. But in any view of the case the order is not appealable to this court. If, as is claimed in behalf of the appellants, there has been no judgment perfected by the filing of a judgment roll so as to limit the time

for an appeal and all that was done in that direction was a legal nullity, the substantial rights of the plaintiffs were not impaired, but the way was open to them to proceed as if no paper purporting to be a judgment roll had been filed, or any other proceeding taken after the entry of the decision by the Supreme Court. They had no clear legal right to require a paper by which their legal rights were not affected to be taken from the files of the court. Whether it should be removed from or remain in the pigeon-holes of the clerk, was discretionary with the court below. (*Bank of Genesee* v. *Spencer*, 18 N. Y., 150 ; *Foote* v. *Lathrop*, 41 id., 358; *Ives* v. *Memphis etc., R. R. Co.*, 58 id., 630.)

If the roll was not in due form, or the filing thereof was for any reason irregular, the granting or refusing the application was discretionary, and the order was not appealable. It affected merely the mode of procedure, which in all cases is within the control of the court of original jurisdiction. (*Arthur* v. *Griswold Co.*, 55 N. Y., 400.) It was the right of the party to waive the costs of the appeal to the General Term, and by perfecting a judgment upon the order of affirmance without inserting them, he did waive them, and the entry of the judgment was regular, notwithstanding costs were not included. There was no occasion to docket the judgment, as that is only required to create a lien upon lands. There was at least an attempted, if not an actual, compliance with the statute requiring an entry of the judgment in a "judgment book." The law recognizes no distinction between legal and equitable relief, nor requires different judgment books for different classes of actions. If there was technically an irregularity or a departure from the usual practice of the office in entering the judgment in one rather than another book, it was the province of the court below to disregard it or correct the error, or make such order as might be proper, but the action of that court was final.

The appeal must be dismissed.

All concur ; ANDREWS, J., absent.

Appeal dismissed.