ETTA ARMSTRONG, Appellant, v. WILLIAM A. CUM-
MINGS, Respondent.

*Costs awarded on sustaining a demurrer to a part of a pleading—assignability of
them.*

Costs awarded upon sustaining a demurrer interposed by the plaintiff, to
parts of an answer, are not interlocutory, but final costs, and the plaintiff
cannot recover nor assign them until judgment is rendered upon the issues
in the action generally.

Appeal from an order setting off certain costs awarded to the
plaintiff by the court, on sustaining a demurrer interposed by her to
parts of the defendant's answer in this action, against an equal
amount of a judgment for costs, recovered against her by the de-
fendant in another action in this court.

The plaintiff commenced, on December 19, 1879, an action in
this court against the defendant and Mr. Justice Charles D. Inger-
soll, then presiding in the Seventh Judicial District Court, to re-
strain certain proceedings instituted for the purpose of removing
the plaintiff from premises owned by the defendant Cummings, for
non-payment of rent. That action proceeded to trial, and judg-
ment dismissing the complaint upon the merits, and for $104.52
costs, was entered in favor of the defendants, Cummings and In-
gersoll, and against the plaintiff, on July 31, 1880.

On March 10, 1880, after the commencement of the last-men-
tioned action, but before the trial thereof, plaintiff commenced this
present action against the same defendant, William A. Cummings,
for $20,000 damages for an alleged slander. The defendant an-
swered the complaint in this action by a general denial, and by set-
ting up various circumstances in mitigation of damages, as well as
in justification. The plaintiff demurred to certain defenses of that
answer. On June 22, 1880, an order was made sustaining that de-
murrer, " with costs," which were taxed by the clerk on June 25,
at $65.27; but no judgment has been entered therefor. The de-
fendant duly appealed from that order to this General Term. On
July 31 the said order was resettled so as to permit the service of
an amended answer, " on payment " of the aforesaid costs. The de-

fendant then made this present motion to offset the costs due to the plaintiff under the order of July 31, against an equal amount of the judgment recovered by the defendants in the equity suit on the same day, and to be allowed thereupon to serve an amended answer, and to withdraw the appeal taken from the order sustaining the demurrer. On the argument of the motion, the plaintiff's attorney produced what purported to be an assignment to one Hertzfield, of the costs awarded to plaintiff on her demurrer, and which purported to have been executed on June 23, 1880.

*Henry H. Morange*, for the appellant.

*Thomas & Wilder*, for the respondents.

PER CURIAM:

We are of opinion that the costs of the demurrer were not capable of assignment at the time when such costs are said to have been assigned. They were not interlocutory, but final costs. They could not be enforced by precept or otherwise at this stage of the action. The plaintiff cannot recover them until judgment is rendered upon the issues in the cause generally. (*Palmer* v. *Smedley*, 13 Abb. Pr., 185 ; *Mora* v. *Sun Mutual Ins. Co.*, Id., 304.)

Order affirmed.

Present—BRADY, P. J., and BARRETT, J.

Order affirmed, with $10 costs, and disbursements.