ALFRED WATERS, by his Guardian *ad litem* Henry Waters, Appellant, *against* GEORGE W. CURTIS, Respondent.

(Decided April 13th, 1885).

An order of the General Term of the City Court of New York reversing an order of that court striking out a portion of an answer as irrelevant and redundant, is not appealable under section 3191 of the Code of Civil Procedure; such order merely affects a mode of procedure, and does not deprive the plaintiff of any substantial right or touch the merits of his case.

*It seems,* that a denial in an answer of knowledge or information sufficient to form a belief, "as to each and every allegation" in the complaint not specifically denied, is bad, as containing a negative pregnant.

APPEAL from an order of the General Term of the City Court of New York reversing an order of that court striking out part of an answer as irrelevant and redundant.

The facts are stated in the opinion.

*L. M. Marks*, for appellant.

*Arthur H. Masten*, for respondent.

VAN HOESEN, J.—This appeal must be dismissed. The order appealed from did not affect a substantial right, nor did it involve the merits. The only question was whether a certain denial was in due form. The General Term of the City Court decided that it was, reversing the decision of the Special Term, which held that the denial was insufficient. All that the General Term decided was that the denial was sufficient to put in issue certain allegations of the complaint. It is obvious that the decision merely affected a mode of procedure, and did not deprive the plaintiff of any substantial right, or touch the merits of his case. An appeal does not lie from such a decision (*Whitney* v. *Townsend*, 67 N. Y. 40).

In *Tabor* v. *Gardner* (41 N. Y. 232), the Court of Appeals decided that " an order of the General Term, reversing an order of the Special Term, striking out an answer, is not appealable to the Court of Appeals." Section 3191 is far less broad in its provisions than section 190, and there is, therefore, less reason for contending that this court has jurisdiction of questions of practice arising in the city court.

It may not be improper to say, however, that the denial that was stricken out, and afterwards by the decision of the General Term restored, was bad because it contained a negative pregnant. A want of familiarity with the English language made the pleader say something that he had no intention to say. He doubtless meant to say that he had no knowledge or information sufficient to form a belief as to any allegation of the complaint that he had not specifically denied. What he did say, is that he has " no knowledge or information &c. &c. as to each and every allegation of the complaint that he had not specifically denied. The words, " each and every," mean " all." In other words, the pleader says, in effect, that he has no knowledge or information &c. &c. as to all the allegations of the complaint &c. This carries with it the implication that he has knowledge or information as to a part of those allegations. His denial is pregnant with an implied admission, and it is bad, because, as I have said, it is a negative pregnant (Pomeroy on Remedies §§ 618 *et seq.*).

The appeal must be dismissed, with costs.

LARREMORE and J. F. DALY, JJ., concurred.

Appeal dismissed, with costs.