## UHLER v. RYER.

(*City Court of New York, General Term.* October 26, 1888.)

APPEAL—APPEALABLE ORDERS—DECISION ON DEMURRER.

　　No appeal lies from an order entered on the trial of an issue of law raised by demurrer to a complaint giving the plaintiff leave to serve an amended complaint within a stated time, unless the decision is followed by a judgment either interlocutory or final, in accordance with Code Civil Proc. N. Y. § 1021, as amended in 1879, providing that, on hearing a demurrer, the court should give a decision in form that the demurrer is sustained or overruled, and that the successful party have judgment thereon.

Appeal from special term; SIMON M. EHRLICH, Judge.

Action by John C. Uhler against William W. Ryer. There was a demurrer to the complaint, upon which an order was made, allowing plaintiff six days to serve an amended complaint. No judgment either final or interlocutory was afterwards entered. Defendant appeals.

Argued before PITSHKE, NEHRBAS, and McGOWN, JJ.

*H. M. Collyer*, for appellant.　*J. Grant Mitchell*, for respondent.

PITSHKE, J.　The demurrer to the complaint was well founded. The complaint was clearly insufficient on its face, for failure to show "performance" of the contract set out by the plaintiff and sued on, which was, on plaintiff's part, to examine the books and accounts of the dissolved copartnership, and to report to this defendant the true showing of the partnership books, and the interests of the copartners. *Brown* v *Colie*, 1 E. D. Smith, 265; *Baker* v. *Higgins*, 21 N. Y 397; *Tooker* v *Arnoux*, 76 N. Y. 398. The hearing on the demurrer was a trial, and a judgment should have been entered upon the decision contained or intended to be expressed in the order appealed from. This has not been done. But the award of costs is discretionary with the trial court on such a demurrer (Code Civil Proc. §§ 965, 3232) where an issue of fact remains undisposed of. Such interlocutory costs are collectible, if absolute, in the manner provided by section 779, like motion costs, (*Adams* v. *Ward*, 60 How. Pr. 288, and see *Masters* v. *Barnard*, 6 How. Pr. 113;) otherwise, they are to be treated as final costs, and to be collected as such, (*Palmer* v. *Smedley*, 13 Abb. Pr. 185, 186.) The theory, then, being that the successful party on the demurrer is entitled to a final judgment on one issue at least, and is, as to that, a prevailing party, and upon the ultimate judgment entitled to its entry, (thus far in his favor,) with

costs, as to the plea or pleading demurred to, where the costs are not collectible under section 3232. This would be clearly so, also, where the decision on the demurrer determines the action, without permission to continue it by way of amendment of the record. The decision upon a demurrer, when liberty to amend is not given, is final; and if such liberty be given, and it is not acted on within the prescribed time, the decision becomes absolute and final. It is then a final determination of the whole rights of the parties as regards the cause of action, averment, or defense covered by the demurrer. *Mora* v. *Insurance Co.*, 13 Abb. Pr. 308. The costs upon a demurrer decided are not those of a motion, but of a "trial." Under section 1021, Code Civil Proc., (as amended in 1879, changing the rule laid down in *Bank* v. *Lynch*, 76 N. Y. 516,) the court, on hearing a demurrer, should give a decision in form, after describing the hearing, "that the demurrer is sustained or overruled, (as the case may be,) and that the successful party have judgment on the demurrer, with costs," or without costs, according to the trial justice's discretion with respect to costs, under section 3232, where an issue of fact remains undisposed of, and an "interlocutory judgment" must follow, and be filed in the clerk's office as a *postea*. *Smith* v. *Rathbun*, 88 N. Y. 665; *Liegeois* v. *McCrackan*, 22 Hun, 69, 71; *Dick* v. *Livingston*. 41 Hun, 456. The appeal from the hearing must be from either the interlocutory or the final judgment entered pursuant to the order of the court deciding the issue of law heard on the demurrer. Sections 1021, 1222, 1230. An appeal from such an order to the general term would be improper, and unauthorized by said Code, and must hence be dismissed. *Church* v. *Telegraph Co.*, 15 Jones & S. 562; *Bank* v. *Lynch, supra.* An appeal from a decision of a demurrer can now, since the said amendment of section 990 and section 1021, in 1879, be only taken either from the interlocutory judgment, pending the action entered as a final determination of the law issue tried, or from the final judgment rendered in the cause at its conclusion, either on the facts, or under section 1222; for then so much of the case or all of it is ended until reversed. The proper interlocutory or final judgment based on the decided issue of law will be entered by the clerk, as of course, in cases coming under sections 1212 and 1213, Code Civil Proc.; and, in other cases, on an application to the special term under section 1230, upon the law decision rendered, to grant and give such relief as the applicant is entitled to at that stage of the case, so far as not already specified or allowed in the decision as filed. *Smith* v. *Rathbun*, 88 N. Y. 665, 666. Either party, if dissatisfied with such judgment so obtained, has his remedy by appeal therefrom.

The order herein made represents the "decision" of the court on the demurrer. It may be amended or modified in the same court, either at the special or general term; but, on an order upon the hearing of a "demurrer," a judgment, interlocutory or final, must be entered, and an appeal can only lie from that. 15 Jones & S. 562; 76 N. Y. 515, 516. The appeal was premature and unauthorized. No appeal has been taken from any interlocutory judgment in the case, and there is nothing before us to act on, or enabling us now to award appropriate relief to the parties plaintiff and defendant. Further application on the order must be to the special term. The appeal must, therefore, be dismissed, with costs.

NEHRBAS and McGOWN, JJ., concur.