### APOLLINARIS Co., Limited, *v.* VENABLE *et al.*

*(Supreme Court, General Term, First Department.   June 6, 1890.)*

DEPOSITION—OF WITNESS WITHOUT THE STATE.

   Under Code Civil Proc. N. Y. § 887, which permits the testimony of material witnesses "not within the state" to be taken by commission, it is not sufficient to aver in the application that material witnesses are residents of a foreign country, but there must be a distinct allegation that they are not then within the state.

Appeal from special term, New York county.

Action by the Apollinaris Company, Limited, against George W. Venable and Moses Heyman for an infringement of a trade-mark. Defendants moved for a commission to examine witnesses residing at Cologne, Germany. From an order granting the motion, plaintiffs appeal.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Henry Melville*, for appellant.   *I. Albert Englehardt, (John E. Parsons*, of counsel,) for respondents.

BRADY, J.   The power to issue a commission conferred by sections 887 and 889 of the Code of Civil Procedure exists where it appears by affidavit, on the application of either party, that the testimony of a witness not within this state is material to the applicant.   The commission applied for herein was based upon an allegation that certain witnesses named, and who were material, were residents of Prussia, but there was no allegation that they were not at the time of the application within this state; and the affidavit did not, therefore, comply with the requirements of the provisions of the Code, and was insufficient.   This result was declared by the general term of the superior court in the action of *Wallace* v. *Blake*, and reported in 4 N. Y. Supp. 438. A commission to examine witnesses living abroad, who are material, is founded upon necessity, which would not exist if the witness, though residing abroad, were within this state.   His examination could then be taken *viva voce*, and the adverse party secured the valuable privilege of such a cross-examination.   This view doubtless influenced the adoption of the provision of the statute requiring proof that the non-resident witness was not at the time of the application within this state.   It might well be that the witness, though resident abroad, was within this state, either sojourning or upon business; and, if so, he should be examined *de bene esse*, according to the provisions of the Code relating to that procedure.

For these reasons the objection taken to the infirmity of the affidavit thus discussed was a good one, and the motion should have been denied for that reason.   The result of this appeal must be, therefore, a reversal of the order, with $10 costs and disbursements, and without prejudice to another application for a commission, if the defendants think it necessary.   No doubt is entertained of the right of the defendants to examine witnesses for the purpose of proving what it is alleged can be substantiated by the affidavits submitted herein.   Ordered accordingly.   All concur.