(7 Misc. Rep. 539.)

WEISS et al. v. MORRELL et al. (No. 1.)

·(Common Pleas of New York City and County, General Term. March 8, 1894.)

1. NOTICE OF TRIAL—WAIVER OF DEFECTS.
    Where a notice of trial served in December, 1893, specifies the day of trial as January 2, 1893, and the notice is accepted and retained, the defect in the day is thereby waived.

·2. SHORT-CAUSE CALENDAR—TRANSFER OF CAUSES FROM GENERAL CALENDAR.
    Code Civ. Proc. § 789 et seq., which recognized the propriety from certain causes of preferring causes on the calendar, are not exclusive, and therefore the courts have power to appoint a short-cause calendar, and place causes thereon for trial out of their order on the general calendar.

Appeal from city court, general term.

Action by Ignatz Weiss and others against Joseph B. Morrell and ·another. From an order of the city court affirming an order advancing the cause to the short-cause calendar, and from an order ·denying a resettlement thereof, and from an order to strike the cause from both the special and general calendars of the court, ·defendants appeal. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

C. E. Souther, for appellants.

A. B. Jarvorower, for respondents.

DALY, C. J. A notice of trial was served by plaintiffs' attorney upon the defendants' attorney on the 23d of December, 1893, for the 2d day of January, 1893. The latter date was obviously a clerical error, and the defect might be waived by the party receiving the notice, and in this case it was waived, because the notice was retained. If defendants intended to object to the irregularity, they should have returned the paper, with a notification of their reasons, and then a proper notice of trial could have been served. By retaining the paper they must be deemed to have regarded it as a sufficient notice, and in that case it was a notice for the coming January, as it would not have been a sufficient notice for a past date. The case was therefore properly on the general calendar, and might be placed upon the special calendar for short causes. The appeal is mainly argued on the question as to whether the courts of this state have power to appoint a short-cause calendar, and place causes thereon for trial out of their order upon the general calendar. It is claimed that this is giving a preference to certain causes not enumerated in the statute of preferences. Code Civ. Proc. c. 8, tit. 6, art. 2, §§ 789–795. The provisions of the Code are not exclusive, and do not limit the power of the courts over their calendars, nor consequently prohibit the establishing a calendar for short causes, according to the practice of all the courts long before the adoption of the present Code. The general rules of practice under which such summary trials are had are not inconsistent with any provision of the Code; for, since the statute recognizes the propriety of granting certain preferences, the granting of a preference in any other special case is entirely consistent with the statutory provision. The short-cause rule is also attacked upon the ground that the right to move under it is confined to the plaintiff, to the exclusion of a defendant who has pleaded a counterclaim, and who is entitled to all the remedies of a plaintiff. As the defendants here do not set up a counterclaim, it is not necessary to discuss this point. It by no means follows, however, that under the rules of the city court, or of the other courts, a defendant with a counterclaim would not be allowed to move for the short-cause calendar. No injury was done to the defendants by the entry of the order setting the cause down for the 4th instead of the 2d of January, which latter date was that specified in the notice. The decision upon the motion not having been rendered in time for a trial upon the latter date (owing to the rule which requires that the order be filed with the clerk at least two days before the day on which a case shall be entered on the special calendar), it was proper to fix a later date. As defendants had notice of such date, they were not injured, and their motion to resettle the order, and to strike the cause from the special calendar, was properly denied. These appeals involve a mere question of procedure in the city court, and do not affect any substantial right or the merits. In such case this court will not interfere.

Waters v. Curtis, 13 Daly, 179; Whitney v. Townsend, 67 N. Y. 40. Orders appealed from affirmed, with costs and disbursements. All concur.