(23 Misc. Rep. 615.)

## BURNELL v. COLES.

(Supreme Court, Appellate Term. June 6, 1898.)

1. DEPOSITIONS—OPEN COMMISSION.
   An open commission will not be ordered unless it satisfactorily appears that an ordinary commission will not accomplish the purpose sought.

2. SAME—REVIEW ON APPEAL.
   While the granting or refusing of an order by the city court for an open commission to examine witnesses is not reviewable by the appellate term of the supreme court, if the application therefor has met the requirement of Code Civ. Proc. § 894, and the city court has not exceeded its authority, yet it is the duty of the appellate court to examine the papers on which the application is based, to see whether legal foundation has been laid for the order.

3. SAME—SUFFICIENCY OF APPLICATION.
   On an application for an open commission, an averment that the proposed witness does not reside within the state is insufficient to justify its issuance. The proof must be that the witness was not within the state at the time the application is made.

4. SAME.
   Nor is an averment that the testimony of the proposed witnesses will be necessary to the defendant, and competent to his defense, equivalent to proof that the witnesses are material and necessary in the defense of the action.

5. SAME.
   And if the ground of the application is that some of the witnesses are unwilling to testify, but it is alleged that other proposed witnesses are willing, and it does not appear but that the testimony of the latter will suffice, it is not unreasonable to require that their testimony should be first taken in the ordinary method, before an open commission is issued.

Appeal from city court of New York, general term.

Action by Blanche A. Burnell against William F. Coles. From an order of the general term (51 N. Y. Supp. 172) affirming an order of the special term granting an open commission on defendant's motion, plaintiff appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

P. S. Jones, for appellant.

Moore, Bleecker & Wheeler, for respondent.

GILDERSLEEVE, J. The special term of the city court, on motion of the defendant, granted an order directing that an open commission issue to take the examination in Boston, Mass., of witnesses, to be named in the commission, who might be produced before the commissioner designated in the order. The order also provides that the plaintiff may call and examine under the commission any witnesses she may be advised. This order was affirmed by the general term of the city court, and the order of affirmance is now before us for review. The application for the order is made under section 894 of the Code, which provides that:

"Where an issue of fact, joined in an action, is pending in either of the courts specified in the last section [of which the city court is one], the parties may stipulate, in writing, or the court, or a judge thereof, * * * may, in its or his discretion, upon the application of either party, and upon satisfactory proof, by affidavit, that one or more witnesses, not within the state, are material and necessary in the prosecution or defense of the action, make an order, upon such terms as it or he deems proper, directing that an open commission issue, or that depositions be taken, as prescribed in the following sections of this article."

The appellant challenges the order, and asserts as ground for reversal that the moving affidavits are entirely insufficient to justify the granting of an open commission. The granting or refusing of an order for an open commission to examine witnesses is not reviewable here, provided the application therefor has met the requirements of the Code, and the court below has not exceeded its authority. It is not our province to review an order of the city court involving the exercise of discretion by that court. Lawrence v. Samuels, 20 Misc. Rep. 279, 45 N. Y. Supp. 743; Kreizer v. Allaire, 16 Misc. Rep. 6, 37 N. Y. Supp. 687; Howell v. Mills, 53 N. Y. 322; Livermore v. Bainbridge, 56 N. Y. 72. It is our duty, however, to examine the papers upon which the application for the commission is based for the purpose of seeing whether a legal foundation has been laid for the order. If the affidavits are found to be insufficient to bring the case within the law authorizing the application, no question was presented to the court below calling for the exercise of discretion. The action is brought to recover damages for the alleged breach of a promise of marriage. One defense is that the plaintiff was of bad and immoral character, and, unknown to defendant, has been guilty of licentious and improper conduct. The defendant presents his own affidavit and the affidavit of one of his attorneys. From these affidavits it appears that until a short time before the commencement of the action the plaintiff had been a resident of the city of Boston, in the commonwealth of Massachusetts, and that the persons by whom defendant expects to prove the bad and immoral character and licentious and improper conduct of plaintiff reside in and about that city. It is also stated in defendant's affidavit that "some of the witnesses by whom deponent expects to prove the above-mentioned facts have expressed their willingness to testify, but many others have declared themselves unwilling so to do; that deponent knows the names of

many of the witnesses material to his said defense, and the reason why he does not give them now is that many of them are hostile, and would evade giving testimony, if their names were disclosed at present, and many who are now willing to give testimony would become unwilling; * * * that a commission authorizing the taking of depositions or the answering of interrogatories to be here settled will not meet the requirements of this case, nor can the defendant thereby obtain from the several material witnesses aforesaid a full and impartial statement of the facts within their knowledge." The defendant then goes on to state that he has been unable to find any person residing in this state who has sufficient knowledge of the alleged facts that he expects to prove by the witnesses residing in and about the city of Boston, and adds "that there are no persons now residing within this state, to the knowledge of deponent, by whom such facts can be proved." The only addition to the foregoing averments that is presented by the affidavit of the attorney is the following: "Deponent further says that he has seen several of these witnesses, and that the testimony they could give would be necessary to the defendant and competent to his defense." It will be observed that the affidavits fail to meet the requirements of the statute in that it is nowhere averred that the witnesses sought to be examined "are not within the state." An averment that the witnesses do not reside within the state is held to be insufficient to justify the issuance of any commission. The proof must be that the witnesses are not within the state at the time that the application for the commission is made, which is a very different thing from a mere statement of non-residence. Wallace v. Blake, 16 Civ. Proc. R. 384, 4 N. Y. Supp. 438; Apollinaris Co. v. Venable (Sup.) 10 N. Y. Supp. 469. It must also be said that it is not explicitly averred, nor can it be reasonably implied, that the alleged witnesses in and about Boston are material, and necessary in the defense of the action. The nearest approach to supplying that requisite of the statute is found in the above-quoted portion of the attorney's affidavit, which says "that the testimony they could give would be necessary to the defendant, and competent to his defense." We do not think that this averment is proof that the witnesses are material and necessary in the defense of the action. Abbott-Downing Co. v. Faber, 87 Hun, 299, 34 N. Y. Supp. 433; Clark v. Sullivan (Sup.) 8 N. Y. Supp. 565. Not a single name of any witness proposed to be examined is given, and no fact or circumstance is set out which it is claimed will prove or tend to prove the alleged defense. Darling v. Klock, 74 Hun, 248, 26 N. Y. Supp. 445. Moreover, it affirmatively appears from the affidavits that some of the witnesses have expressed their willingness to testify. The testimony of these witnesses may be sufficient to establish the defense. It certainly is not unreasonable to require that the willing witnesses should be first examined by the ordinary method, before an open commission is granted. The power conferred by section 894 of the Code should not be exercised, except in cases in which it clearly appears to be necessary for the purposes of justice that there should be an open commission. Heney v. Mead, 4 N. Y. Law Bul. 10; Lentilhon v. Bacon (Sup.) 20 N. Y. Supp. 488; Kaempfer v. Gor-

man (Sup.) 17 N. Y. Supp. 857. An open commission will not be ordered unless it satisfactorily appears that an ordinary commission will not accomplish the purpose sought. Dickinson v. Bush, 17 Wkly. Dig. 17; Kaempfer v. Gorman, 22 Civ. Proc. R. 35, 17 N. Y. Supp. 857. Following the language of Mr. Justice Ingraham in Einstein v. Electric Co., 9 App. Div. 570, 41 N. Y. Supp. 808, we may very properly say that what the defendant wants to do is to get an order under which he can subpoena such persons as he pleases, who reside in and about the city of Boston, examine them to ascertain whether or not they will testify to any facts which he thinks will support his defense, and by somewhat of a fishing examination, involving great expense to plaintiff, see if the facts exist which would aid his defense. It is not the true purpose of a commission to accomplish such an object. We think the affidavits were insufficient to warrant the granting of the order, and that the error of the court below in granting the same was an error of law which we are called upon to correct.

The order should be reversed, and the motion denied, with costs, with leave to renew motion on proper papers. All concur.