### BURNELL v. COLES.

#### (Supreme Court, Appellate Term. March 20, 1899.)

1. OPEN COMMISSION—TO TAKE TESTIMONY.
    Materiality of testimony, to take which defendant asks for an open commission, is disclosed by "satisfactory proof" (Code Civ. Proc. § 894), though defendant's affidavit merely states what he "expects to prove" by the witnesses; the probability that the testimony will be to the effect stated by defendant being supported by affidavits of others.

2. SAME—AFFIDAVITS.
    Whether the city court, on a second hearing of a motion for an open commission, should receive in support thereof affidavits omitted from the original papers, rests in its discretion.

3. SAME—NAMING WITNESSES.
    It is not necessary to the granting of an open commission that the witnesses be named.

Appeal from city court of New York, general term.

Action by Blanche A. Burnell against William F. Coles. From an order of the general term affirming an order for an open commission granted at the instance of defendant (54 N. Y. Supp. 940), plaintiff appeals. Dismissed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Henry J. McCormick, for appellant.

Moore, Bleecker & Wheeler, for respondent.

GIEGERICH, J. While the order before us is, in its nature, discretionary, we have held, upon the former appeal, that it may be

examined by this court for the purpose of determining whether or not grounds for the exercise of discretion in the first instance were afforded by the moving papers, since so far a question of law would be presented. Burnell v. Coles, 23 Misc. Rep. 615, 52 N. Y. Supp. 200. And our reversal of the first order was based upon the failure of the affidavits to disclose the fact that the witnesses sought to be examined were not within the state, and that their testimony was material to the defense in question,—circumstances which the statute required to be shown. Code Civ. Proc. § 894. In the course of our discussion of the matter upon the earlier appeal, we called attention to certain rules which have generally been observed by the courts as a guide to the exercise of their discretion in similar cases, but whether or not the court below has availed itself of this guidance is not a question which can affect the appeal, if the facts called for by the statute have been made to appear prima facie. Wenzell v. Morrisey, 115 N. Y. 665, 22 N. E. 271.

In the case at bar it is shown by direct averment that the witnesses are not within the state, and the main contention of the appellant is that the materiality of the testimony has not been disclosed by "satisfactory proof" (Code Civ. Proc. § 894), in that the defendant's affidavit sets forth only what the party "expects to prove," with an absence of further facts. The defect, however, is supplied by the affidavits of Garceau and Wheeler, whereby the probability that the testimony will be to the effect stated by the defendant is supported. The question whether these affidavits were properly received in support of the motion, when omitted from the original papers, was, at best, for the general term, and involved no more than a matter of practice, which rested in the discretion of the court to approve, but which cannot be considered here. Weiss v. Morrell, 7 Misc. Rep. 539, 28 N. Y. Supp. 59. And the matter was well within the powers of the court below. Jacobs v. Miller, 10 Hun, 230.

As to the failure to name the witnesses, a reason which was not wholly insufficient was given to the court below; and the statute does not require, as a condition to the exercise of discretion, that the witnesses be named. Indeed, the absence of any such condition appears to be contemplated (Code Civ. Proc. §§ 894, 897), if the court is satisfied generally that an open commission is called for by the circumstances.

For these reasons the appeals must be dismissed, with costs. All concur.