(34 Misc. Rep. 346.)

### BERNHEIMER et al. v. HARTMAYER.

(Supreme Court, Special Term, New York County.   March, 1901.)

COSTS—ENFORCEMENT—INTERLOCUTORY JUDGMENT.

    Where defendant, in his answer, set up a counterclaim, and plaintiffs' demurrers thereto were overruled, and plaintiffs appealed, and the judgment was reversed, with costs, and the demurrers were sustained, and leave was given to defendant to amend, but he refused, and on an interlocutory judgment entered the costs were taxed therein, the costs, being absolute, could be enforced by an execution under Code Civ. Proc. § 779, providing for execution in favor of any person to whom the costs are payable.

Action by Simon E. Bernheimer and others against John Hartmayer.   Judgment for plaintiffs.   Motion that the clerk be directed to docket judgment for costs against defendant in order that an

execution may be issued therefor under Code Civ. Proc. § 779. Granted.

See 63 N. Y. Supp. 978.

Rose & Putzel, for the motion.

David F. Toumey, opposed.

SCOTT, J.   The defendant, by his answer, among other defenses looking to the defeat of the plaintiffs' cause of action, set up counterclaims to the two causes of action included in the complaint. To these counterclaims plaintiffs demurred. The demurrers were overruled at special term, with costs to the defendant, and leave given to plaintiffs to reply. From the interlocutory judgment entered upon this decision plaintiffs appealed to the appellate division, where the judgment of the special term was reversed, with costs, and the demurrers sustained, with costs. Upon this decision an interlocutory judgment was entered, the costs having been taxed and specified therein. Leave was given to the defendant to amend his answer on payment of costs, but he has neglected to avail himself of this leave, being content to stand upon the issues of fact raised by the denials in his answer. The plaintiffs now move that the clerk be directed to docket the judgment for costs against the defendant, to the end that an execution may be issued for the collection thereof under section 779, Code Civ. Proc. The application is based upon section 3232, Code Civ. Proc., which provides as follows:

"Where an issue of law and an issue of fact are joined, between the same parties to the same action, and the issue of fact remains undisposed of, when an interlocutory judgment is rendered upon the issue of law, the interlocutory judgment may, in the discretion of the court, deny costs to either party, or award costs to the prevailing party, either absolutely, or to abide the event of the trial of the issue of fact."

The following section (3233) provides that:

"Section seven hundred and seventy-nine of this act applies to interlocutory costs, awarded as prescribed in the last section, as if they were costs of a motion."

And section 779 provides that:

"Where costs of a motion, or any other sum of money, directed by an order to be paid, are not paid, * * * an execution against the personal property only of the party required to pay the same, may be issued by any party or person to whom the said costs or sum of money is made payable by said order."

It would seem as if the case presented on this motion precisely fitted the foregoing provisions of the Code. An issue of fact and an issue of law were joined between the same parties to the same action; an interlocutory judgment has been rendered upon the issue of law, while the issue of fact remains undisposed of, and the court has exercised its discretion by awarding costs absolutely to the plaintiffs. These sections introduced an entirely new rule as to the collection of what are therein termed "interlocutory costs" awarded under circumstances such as have arisen in this action. Prior to the Revised Statutes, where there were several issues, the party prevailing on the whole record recovered his costs without any

deduction for the issues found against him. By the Revised Statutes it was provided that:

"Sec. 26. When there shall be several issues joined in any cause, and a verdict shall be rendered for the plaintiff on one or more of them, and for the defendant on another, if the plaintiff obtain judgment upon the whole record, costs shall be awarded as follows: (1) When the substantial cause of action was the same in each issue, the plaintiff shall recover the costs on those issues which were found for him, and shall not be liable to the defendant for the costs of the issue which shall be found for the defendant. (2) When there are two or more distinct causes of action, in separate counts, the plaintiff shall recover costs on those issues which are found for him; and the defendant on those which are found in his favor.

"Sec. 27. If judgment be rendered for the defendant, upon the whole record, the costs of the issues which may have been found for the plaintiff, shall not be allowed to either party.

"Sec. 28. When judgment shall be rendered in favor of a defendant, upon general demurrer, to one or more counts in a declaration, and the plaintiff shall have judgment on other counts, on demurrer. on verdict or by default, the defendant shall be allowed his costs upon such judgments in his favor."

2 Rev. St. p. 617, §§ 26–28.

It is obvious that both at common law and under the Revised Statutes the award of costs following the determination of one out of several issues was always dependent upon the final determination of the action, and was in no sense interlocutory costs, but final costs, to be included in the final judgment after all the issues had been disposed of. The Code of Procedure contained no provision similar to those above quoted from the present Code, and it was held that costs upon the sustaining or overruling of a demurrer were still final, and not interlocutory, costs, to be provided for in the final judgment. Palmer v. Smedley, 13 Abb. Prac. 185; Mora v. Insurance Co., Id. 304; Bucking v. Hauselt, 9 Hun, 633. The case last cited was decided in January, 1877, after the adoption of the Code of Civil Procedure, but before chapter 21, which includes sections 3232 and 3233, went into effect. Code Civ. Proc. § 3356. It dealt, therefore, with the provisions of the former Code, and must be read with reference to them. In accordance with those provisions it was held that what was meant by the direction given on the decision of a demurrer was that, when judgment should be finally entered in the action, as a portion of that judgment the relief which the decision upon the demurrer awarded to the prevailing party thereto should be secured to him. Sections 3232 and 3233 of the present Code became effective on September 1, 1880. In November of that year a question similar to the one now under consideration came before the general term of this department, in which it was held that costs of a demurrer were not interlocutory, but final, costs, and that the plaintiff could not recover them until judgment was rendered upon the issues generally. The court cited Palmer v. Smedley and Mora v. Sun Mut. Ins. Co., supra, both of which were decided under the old Code, and no reference was made to the sections of the present Code now under discussion. Armstrong v. Cummings, 22 Hun, 570. Decisions to the same effect have been rendered by the general term of this court in a number of cases. Robinson v. Hall, 35 Hun, 214; Oesterreiches v. Jones, 45 Hun, 246; Fales v. Knitting Co., 51 Hun, 487, 4 N. Y. Supp. 284; Willover

v. Bank, 10 Civ. Proc. R. 80. In none of these cases were the sections of the present Code above quoted referred to, and in nearly all of them the authorities cited to support the decision were those cited above, which were decided under the old Code. All of those cases proceeded upon the theory that costs awarded upon the decision of an issue of law arising upon demurrer are, in their nature, final, and not interlocutory, costs. Clearly, they were final costs prior to the present Code. But section 3233 of that Code expressly denominated costs awarded under section 3232 as interlocutory costs. It seems to be clear that it was the design and intention of the framers of the present Code to change the rule formerly in force as to the time and method of collecting costs arising upon the decision of a demurrer, and the language used is apt and appropriate to carry this intention into effect. In view of the plain language of the Code, and the absence of any reference to sections 3232 and 3233 in any of the cases cited above, I am forced to the conclusion that the attention of the court was not, in any of the cases, called to the change in practice effected by such sections. Under these circumstances I do not consider that the authorities which have been cited should be held to be decisive of this motion.

Motion granted, with $10 costs.