(80 Misc. Rep. 679.)

## BLEJA v. MAGER.

(Supreme Court, Appellate Term, Second Department. May 23, 1913.)

1. JUDGMENT (§ 766*)—DOCKET—INTERLOCUTORY JUDGMENT—LIEN ON REALTY.

Code Civ. Proc. § 1237, provides that the clerk, on entry of final judgment, must immediately file a judgment roll, which shall consist of the final judgment and interlocutory judgment, if any; and section 1251 declares that, when such a judgment is docketed, it shall be a lien for 10 years on the real property and chattels real which the judgment debtor has in the county at the time of docketing. *Held*, that section 1251 has no application to an interlocutory judgment awarding costs, since such a judgment is collectible solely out of the personal property of the judgment debtor, and is not a lien on realty.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1323–1327; Dec. Dig. § 766.*]

2. JUDGMENT (§ 270*)—INTERLOCUTORY JUDGMENT—DOCKET—STATUTES.

Code Civ. Proc. § 3233, provides for collection of costs out of the personal property of the judgment debtor; and section 1236 declares that every interlocutory judgment and final judgment shall be filed in the clerk's office, which shall constitute an entry of the judgment. The clerk is also required to keep a judgment book, in which to record all judgments entered. Section 1246 requires him to docket the judgment when he files the judgment roll, which section 1237. declares that the clerk, on entry of final judgment, must immediately file, which shall consist of the final judgment and any interlocutory judgment. *Held*, that the clerk is not required to docket an interlocutory judgment for costs on the sustaining of defendant's demurrer to the complaint.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 501–503; Dec. Dig. § 270.*]

Appeal from Municipal Court, Borough of Queens, First District. Action by Katie Bleja against Martin Mager. Judgment for defendant, and plaintiff appeals. Affirmed.

Argued May term, 1913, before CRANE, KAPPER, and KELBY, JJ.

Edward Cahn, of New York City, for appellant.

William F. Hendrickson, of New York City, for respondent.

CRANE, J. Is the county clerk required to docket an interlocutory judgment for costs? This is the question presented in this case. The defendant's demurrer to the complaint was sustained, with costs, and interlocutory judgment was entered, fixing these at the sum of $45; but the county clerk refused to docket the judgment. This action has been brought by the plaintiff against the county clerk to recover the penalty provided in section 1248 of the Code of Civil Procedure. This section reads as follows:

"Sec. 1248. A clerk who omits, as soon as practicable, to docket a judgment required to be docketed, or to furnish a transcript of a judgment, so docketed in his office, as prescribed in the last two sections, forfeits, to the person aggrieved, two hundred and fifty dollars, in addition to the damages sustained by reason of the omission."

[1] The county clerk contends that this being an interlocutory judgment he was not required to docket it, and that execution could have

been issued to collect the amount, under section 779 of the Code of Civil Procedure, without the docketing of the judgment.

The provisions of the Code of Civil Procedure relating to the various subjects are as follows:

Section 497 provides that upon the decision of a demurrer the court may, in its discretion, allow the party in default to plead anew, or amend upon such terms as are just.

Section 3232 provides that where an issue of law and an issue of fact are joined between the same parties to the same action, and the issue of fact remains undisposed of when an interlocutory judgment is rendered upon the issue of law, the interlocutory judgment may, in the discretion of the court, deny costs to either party or award costs to the prevailing party, either absolutely or to abide the event of the trial of the issue of fact.

Section 3233 provides for the collection of costs when allowed and reads as follows:

"Section 779 of this act applies to interlocutory costs, awarded as prescribed in the last section, as if they were costs of a motion."

Section 779 authorizes an execution against the personal property of the party required to pay costs of a motion, which shall be in the same form as an execution upon a judgment, omitting the recitals and directions relating to real property.

Every interlocutory judgment and final judgment shall be signed by the clerk and filed in his office, which shall constitute an entry of the judgment. The clerk, in addition to the docket books required to be kept by law, shall keep a book, styled the "judgment book," in which he shall record all judgments entered in his office. Section 1236.

Each county clerk must keep one or more books, in which he must docket each judgment required to be docketed. Section 1245. And he is required to docket the judgment when he files a judgment roll. Section 1246. The judgment roll, however, is to be filed with the entry of final judgment. Section 1237 reads:

"The clerk, upon entry of final judgment, must immediately file the judgment roll, which must consist of * * * the final judgment and interlocutory judgment, if any."

When final judgment, therefore, is entered, the judgment roll must be immediately filed and the judgment docketed by the county clerk in the docket book. Such a judgment, when docketed, binds and is a charge upon, for 10 years after filing the judgment roll, the real property and chattels real in that county which the judgment debtor has at the time of docket. Section 1251.

That this provision could not apply to an interlocutory judgment awarding costs is quite evident from the fact that such costs are to be collected solely out of the personal property and are not a lien upon the real estate. The only occasion to docket a judgment is to create a lien upon lands. Whitney v. Townsend, 67 N. Y. 40; Sheridan v. Linden, 81 N. Y. 182. Although section 1365 says that an execution against property can be issued only in a county in the clerk's office of which the judgment is docketed, section 1369 provides that the sheriff shall satisfy such a judgment out of the personal property, and, if

.this be insufficient, then out of the real property, except where special provision is otherwise made by law. It would seem, therefore, that the county clerk is only directed to docket a final judgment, and, further, that it is only necessary to docket a judgment when it is to be a lien upon real estate. Motion costs and costs on interlocutory judgment, such as here in question, cannot be liens upon real estate, as they are to be collected by execution against personal property solely.

[2] If the county clerk had docketed this interlocutory judgment .as requested, the amount would have been a lien upon real property under section 1251 above referred to. The clerk, therefore, was not required to docket this judgment, and is not liable for the $250 penalty prescribed by section 1248 of the Code of Civil Procedure.

Our attention has been called to the case of Bernheimer v. Hartmayer, 34 Misc. Rep. 346, 69 N. Y. Supp. 816, in which the county clerk was directed to docket interlocutory costs; but the question there presented was whether such costs could be collected before final judgment, and it does not appear that any question arose as to the procedure for immediate collection, or the necessity for docketing such .a judgment.

It furthermore appears that, before bringing this action, the plaintiff was paid the full amount of the costs awarded by the interlocutory judgment, and that he is not, therefore, in our opinion, a "person aggrieved" within the meaning of that section.

Judgment for the defendant is affirmed, with costs. All concur.